UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEN DAVIS, ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-07631 |
| ) | |
| v. ) | |
| ) | |
| POWERSTOP LLC, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Ken Davis ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Powerstop LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Ken Davis, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Powerstop LLC is a corporation doing business in and for Cook County whose address is 6600 River Road, Hodgkins, IL 60525.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff began working for Defendant as a Warehouse Worker on or about

October 18, 2022.

12. As a Warehouse Worker, Plaintiff was generally responsible for working with and operating machinery.

13. Plaintiff suffers from a physical impairment that substantially limits his major life activities.

14. Specifically, in or about April of 2023, Plaintiff was injured at work when he dropped a box of dust that contained silicon crystals, and these crystals entered his eye.

15. This injury has caused Plaintiff burning and a permanent vision/ eye impairment.

16. Despite this disability, Plaintiff was qualified and able to perform the essential functions of his job, with or without reasonable accommodation.

17. Plaintiff is "qualified individual" as defined under the ADA.

18. In or about April of 2023, following the above eye injury that left Plaintiff permanently disabled, Plaintiff inquired about filing a worker's compensation claim as a form of reasonable accommodation.

19. Plaintiff's supervisors (non-disabled) discouraged Plaintiff from filing a worker's compensation claim.

20. They downplayed the severity of his injury, mocking him and telling him to just "flush it out with water".

21. Plaintiff's reasonable requests for accommodation were ignored.

22. Due to not being accommodated, Plaintiff decided to reach out to Human Resources and file a claim.

23. Shortly after Plaintiff filed his worker's compensation claim, he began to face

discrimination and retaliation from his supervisors.

24. Plaintiff received approximately ten frivolous write-ups from April 2023 to June 2023.

25. For example, one day Plaintiff was having problems with his work phone that would not allow him to clock out at his designated clock out time.

26. Plaintiff was in the break room attempting to fix this, when his supervisors entered.

27. These supervisors, Harkeem (LNU) and Ulysses (LNU), approached Plaintiff and immediately began accusing him of stealing.

28. Plaintiff attempted to explain that he was simply trying to clock out, and planning to leave a note explaining what happened with the phone.

29. Despite this, Hakeem and Ulysses continued intimidating Plaintiff and eventually wrote him up for this incident.

30. On another occasion, a supervisor told Plaintiff that he did not complete one of his job duties for the day, which the employees refer to as "scanning".

31. Plaintiff did scan that day, and other coworkers saw him do so, yet the Supervisor wrote Plaintiff up, maintaining that he did not scan.

32. On or about May 22, 2023, Plaintiff had endured enough, and thus he engaged in protected activity by reporting the constant discrimination, harassment, and retaliation on written "Witness Forms".

33. Shortly thereafter, on June 8, 2023, Plaintiff had to miss work for an appointment with his eye doctor.

4

34. Plaintiff informed his supervisors of this appointment, and provided proof in the form of a doctor's note.

35. Therefore, this should have been an excused absence.

36. However, Plaintiff was written up for "insubordination", stating that he had been instructed to reschedule all appointments to after his shift.

37. As Plaintiff was seeing a specialist, who has incredibly limited availability, Plaintiff could not reschedule his appointment to a time outside of his shift.

38. Defendant wrongfully attempted to interfere with, and deter Plaintiff from, seeking medically necessary care for his disability.

39. On June 9, 2023, just one day after this write up, Defendant terminated Plaintiff for "using a machine [Plaintiff] was not certified to use" in a pre-textual way.

40. Plaintiff had been using this machine without problem during his entire employment with Defendant.

41. The purported justification for Plaintiff's termination was pretext.

42. In reality, Plaintiff was unlawfully terminated in retaliation and in discrimination based on Plaintiff's disability.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

43. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

45. Plaintiff met or exceeded performance expectations throughout the duration of his employment with Defendant.

46. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

47. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

48. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

49. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

52. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

54. Plaintiff is a qualified individual with a disability.

55. Defendant was aware of the disability and the need for accommodations, as Plaintiff notified Defendant in a meeting as early as April 2023, when he became disabled.

56. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

57. Plaintiff's reasonable accommodations requested were not an undue burden on the Defendant.

58. Defendant did not accommodate Plaintiff's disability.

59. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

62. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

63. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

64. During Plaintiff's employment with Defendant, Plaintiff reasonably requested accommodations, which Defendant wrongfully denied.

65. Plaintiff also filed a worker's compensation claim.

66. Additionally, Defendant complained of disability-based discrimination.

67. As such, Plaintiff engaged in protected conduct on numerous occasions and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

68. In response to Plaintiff's request, Defendant failed to accommodate Plaintiff's reasonable request for accommodations or conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability based discrimination.

69. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct suffered by Plaintiff.

70. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

71. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, termination on June 9, 2023.

72. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

73. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f.      Reasonable attorneys' fees and costs;

    g.      Award pre-judgment interest if applicable; and

    h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 7th day of September, 2023.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*