**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEN DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:23-cv-07631** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **POWER STOP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | **Jury Trial Demanded** |

**INITIAL JOINT STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the Parties submit the following Initial Joint Status Report:

I.      **Nature of the Case**

A.      Attorneys of Record:

**Mohammad Badwan, Esq.** (Lead Attorney)       **Benjamin S. Morrell**
**Chad Eisenback, Esq.**                         Taft Stettinius & Hollister LLP
Sulaiman Law Group, Ltd                          111 E. Wacker Drive, Suite 2600
2500 South Highland Ave., Suite 200              Chicago, IL 60601
Lombard, IL 60148                                (312) 527-4000
(630) 568-3056                                   bmorrell@taftlaw.com
mbadwan@sulaimanlaw.com                          *Attorney for Defendant*
cisenback@sulaimanlaw.com
*Attorneys for Plaintiff*

B.      Names of any parties who have not yet been served: All parties have been served. Defendant waived service pursuant to Federal Rule of Civil Procedure 4(d). (*See* D.E. 5.)

C.      Basis for federal jurisdiction: Plaintiff alleges subject matter jurisdiction is conferred upon this Court as the action arises under the laws of the United States. Plaintiff alleges violations of the Americans with Disabilities Act, as amended.

D.      Nature of claims and counterclaims or defenses: Plaintiff was formerly employed as a warehouse worker. Plaintiff alleges Defendant discriminated against him and did not investigate his claims and that Defendant then retaliated

and was fired. Plaintiff asserts that he is a protected class and Defendant unlawfully terminated his employment in retaliation for her asserting her right to be free from discrimination in the workplace and for making complaints about workplace discrimination. Defendant denies Plaintiff's allegations.

E.     Relief sought: Plaintiff is seeking actual damages associated with Defendant's alleged conduct, including the loss of income. Plaintiff is seeking payment of his attorney fees and costs.

F.     Major legal and factual issues anticipated: Plaintiff contends Defendant had subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has subjected Plaintiff to discrimination on the basis of his disability. Plaintiff asserts that he met Defendant's legitimate job expectations.     Plaintiff further alleges that he was subjected to direct discrimination and retaliation following his reports of discrimination by the Defendant in the form of termination.

Defendant denies these allegations and states that Plaintiff was legitimately terminated for violating Defendant's safety policies.

## II.     Discovery and Pending Motions

A.  Pending and potential motions: There are no motions pending.

B.  Whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion: Defendant anticipates responding to the complaint by filing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant anticipates filing this motion on November 13, 2023, the deadline for responding to the complaint following Defendant's waiver of service.

C.  Discovery needed: The Parties have not exchanged discovery. The Parties anticipate the need for both written and oral discovery.

D.  Proposed discovery plan: Because Defendant anticipates responding to the complaint by filing a motion to dismiss, the Parties request that the Court stay discovery until the motion has been resolved.

## III.     Trial

A.     Plaintiff demands a trial by jury.

B.     Estimated length of trial: 4-5 days.

## IV.     Consent and Settlement Discussions

A.     Consent to Magistrate Judge: At this time, the Parties do not consent to Magistrate Judge jurisdiction.

2

B.    Settlement discussions: Settlement discussions have occurred and the Parties have not reached an agreement to settle.

C.    Settlement conference: At this time, the Parties do not request a settlement conference.

Dated this 2nd day of November, 2023.


| /s/ Mohammed Badwan, Esq. | /s/   Benjamin S. Morrell |
|---|---|
| **Mohammed Badwan, Esq.** (Lead Attorney) | **Benjamin S. Morrell** |
| **Chad Eisenback, Esq.** | Taft Stettinius & Hollister LLP |
| Sulaiman Law Group, Ltd | 111 E. Wacker Drive, Suite 2600 |
| 2500 South Highland Ave., Suite 200 | Chicago, IL 60601 |
| Lombard, IL 60148 | (312) 527-4000 |
| (630) 568-3056 | bmorrell@taftlaw.com |
| mbadwan@sulaimanlaw.com | *Attorneys for Defendant* |
| cisenback@sulaimanlaw.com | |
| *Attorneys for Plaintiff* | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of November, 2023, a true and correct copy

foregoing has been provided electronically via electronic mail and/or via U.S. mail to following:

**Benjamin S. Morrell**
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
bmorrell@taftlaw.com
*Attorneys for Defendant*

/s/ *Mohammed Badwan, Esq.*
**MOHAMMED BADWAN, ESQ.**

3