UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEN DAVIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>POWER STOP, LLC,<br><br>　　　　Defendant. | Case No: 1:23-cv-07631<br><br>District Judge Coleman<br><br>Magistrate Judge Jantz |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff Ken Davis' complaint asserts claims of disability discrimination, failure to accommodate, and retaliation under the ADA. (Compl., D.E. 1.) But as to Counts I and II, his skeletal allegations and legal conclusions do not provide enough detail to state a plausible claim for relief, as required by Federal Rule of Civil Procedure 8, as to the theories of disability discrimination or failure to accommodate. Specifically, Davis fails to plausibly allege that he was disabled as of the date of termination and, relatedly, fails to allege that he is substantially limited in any major life activity, as required by the ADA. Davis also fails to allege a failure to accommodate claim since he does not include any factual allegations regarding what reasonable accommodation he requested and when he requested it. For these reasons, discussed more fully below, the Court should dismiss Counts I and II of Davis' complaint.

### Background[1]

Plaintiff Ken Davis worked for Power Stop as a Warehouse Associate beginning in October

---

[1] Power Stop disputes many allegations contained in the complaint; however, the Court must accept all well pleaded allegations as true at this stage. Power Stop similarly accepts such well pleaded allegations as true for purposes of this motion only.

2022. (Compl. ¶ 11.) Davis claims that he was injured at work in April 2023 when he allegedly "dropped a box of dust that contained silicon crystals, and these crystals entered his eye." (*Id.* ¶ 14.) He claims this alleged "injury has caused [him] burning and a permanent vision/ eye impairment." (*Id.* ¶ 15.) Davis does not assert, however, that he missed any work as a result of this alleged injury. In fact, he continued working for Power Stop. (*See generally id.* ¶¶ 16–42.)

Power Stop terminated Davis' employment in early June 2023 after he was observed "us[ing] a machine [he] was not certified to use." (*Id.* ¶ 39.) Power Stop fired Davis because this conduct constituted an egregious safety violation that endangered the physical safety of himself and his coworkers. Davis claims that this reason is pretextual and that discrimination and retaliation are the reasons he was fired. (*Id.* ¶¶ 39–42.)

## Legal Standard

For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (cleaned up); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (citation omitted). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew*, 683 F.3d at 334. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). Rule 8 requires more than legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*

**Argument**

**I.  Davis has not plausibly alleged that he suffers from a disability under the statute.**

Counts I and II of the complaint allege that Power Stop discriminated against Davis on account of his alleged disability and failed to accommodate his alleged disability, respectively, in violation of the ADA. (Compl. ¶¶ 43–61.) Both types of claims require showing that the plaintiff "suffers from a disability as defined in the statute[ ]."[2] *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005) (discrimination); *Johnson v. Lew*, No. 14-CV-2233, 2015 WL 13949296, at *3 (N.D. Ill. Dec. 4, 2015) (failure to accommodate). Both counts fail to state a claim because they do not adequately allege this element.

The ADA defines a disability as (1) a "physical or mental impairment that substantially limits one or more major life activities," (2) a record of a disability, or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1). "Merely having a physical injury or a medical condition is not enough" to qualify as disabled under the ADA. *Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011). Davis' complaint fails to adequately allege any of these.

Davis claims that his alleged injury caused "burning and a permanent vision/ eye impairment." (Compl. ¶ 15.) But he does not provide any details regarding the extent of this injury that would plausibly allege it substantially limits a major life activity. His bare allegations that the "eye injury . . . left [him] permanently disabled," that he "suffers from a physical impairment that substantially limits his major life activities," and that he "is a qualified individual with a disability," (*id.* ¶¶ 13, 54), are the sort of "formulaic recitation[s] of the elements" that fail to state a plausible

---

[2] For a claim of retaliation under the ADA, on the other hand, "a plaintiff need not show that she suffers from an actual disability." *Freelain v. Vill. of Oak Park*, No. 13 C 3682, 2014 WL 148739, at *7 (N.D. Ill. Jan. 15, 2014) (quoting *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1264 (10th Cir. 2001)). Power Stop therefore does not move to dismiss Davis' ADA retaliation claim (Count III) on this basis.

claim for relief, *Twombly*, 550 U.S. at 555. *See, e.g.*, *Gallardo v. Chi. Transit Auth.*, No. 15 CV 7458, 2016 WL 3165768, at *2 (N.D. Ill. June 7, 2016) (dismissing ADA discrimination claim for "fail[ure] to sufficiently allege that [the plaintiff] is a qualified individual with a disability"); *Pack v. Ill. Dep't of Healthcare & Family Servs.*, No. 13-CV-8930, 2015 WL 507555, at *3–4 (N.D. Ill. Feb. 5, 2015) (dismissing failure to accommodate claim for the same reason).

Beyond that, courts have held that eye injuries more serious than the alleged injury Davis briefly describes do not qualify as a disability under the ADA. *See, e.g.*, *Watson v. Tex. Youth Comm'n*, 269 F. App'x 498, 500–01 (5th Cir. 2008) (finding the plaintiff "failed to meet his initial burden of showing actual disability" where he "offered no evidence that he was either (a) completely unable to see or (b) significantly restricted in the condition, manner, or duration of his sight compared to the general population"); *Still v. Freeport-McMoran, Inc.*, 120 F.3d 50, 51 (5th Cir. 1997) (per curiam) (finding that the plaintiff who was totally blind in one eye was not substantially limited in his sight); *see also Delgado v. Bd. of Educ. of City of Chi.*, No. 07 C 1331, 2008 WL 343474, at *4 (N.D. Ill. Feb. 7, 2008) ("Delgado fails to make any arguments as to how his eye injury and hearing impairment rise to the level of 'disability' as defined by the ADA."). That Mr. Davis returned to work immediately after his injury and continued working for Power Stop further shows his injury did not substantially limit one or more major life activities. *Watson*, 269 F. App'x at 501.

Thus, Davis' "vague allegations of disability do not suffice to allow the Court to find he had a disability that qualifies under the ADA." *Trent v. D.T. Chicagoland Express, Inc.*, No. 18 C 5090, 2019 WL 498943, at *3 (N.D. Ill. Feb. 7, 2019). To the extent Davis does describe an alleged disability, he fails to plausibly allege that it substantially limited any major life activity. As a result, his claims for disability discrimination and failure to accommodate fail as a matter of law.

**II.     Davis fails to allege the elements of his claim for failure to accommodate.**

Davis' failure to accommodate claim should be dismissed for an additional reason: he fails to plead facts alleging the other elements of his claim. First, Davis does not allege with any specificity that he even needed an accommodation; he merely regurgitates the legal requirement that to be a qualified individual, he must be able to "perform the essential functions of his job, with or without reasonable accommodation." (Compl. ¶ 16.) While a plaintiff must meet this standard to be a qualified individual under the ADA, if the plaintiff can perform the essential functions of the job without an accommodation, then no accommodation is needed.

Davis' only reference to a need for accommodation in the complaint is his vague statement that "Defendant was aware of the disability and the need for accommodation . . . when [Davis] became disabled." (Compl. ¶ 55.) Aside from this allegation, Davis fails to state with any particularity that he needed an accommodation to perform the essential functions of his job. In fact, Davis' complaint suggests that he did *not* need an accommodation. Davis states in the complaint that "[d]espite this disability, Plaintiff was qualified and able to perform the essential functions of his job, with or without reasonable accommodation," and that he "met or exceeded performance expectations throughout the duration of his employment with Defendant." (Compl. ¶¶ 16, 45.) If Davis was meeting expectations without an accommodation, then he could perform the essential function of his job and did not need an accommodation. *See Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 14-CV-5125 (CBA) (RER), 2018 WL 1603872, at *5 (E.D.N.Y. Mar. 30, 2018) ("[P]laintiffs do not state a claim for a failure to reasonably accommodate where their own allegations attest that no accommodation was needed in order for them to perform their essential work functions."), *aff'd*, 767 F. App'x 123 (2d Cir. 2019).

What's more, Davis fails to allege that he ever requested a reasonable accommodation.

5

Davis claims in the complaint that he "inquired about filing a worker's compensation claim as a form of reasonable accommodation." (Compl. ¶ 18.) He then describes this alleged inquiry as a reasonable request[ ] for accommodation." (*Id.* ¶ 21.) A workers' compensation filing, however, is not a form of accommodation.

To qualify as a "reasonable accommodation" under the ADA, the accommodation requested must allow "the disabled employee to 'perform the essential functions of the employment position.'" *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 481 (7th Cir. 2017) (quoting 42 U.S.C. § 12111(8)). If the requested accommodation does not enable the employee to perform his job, then it is not a reasonable accommodation. *Id.* For example, "a long-term leave of absence cannot be a reasonable accommodation" because "not working is not a means to perform the job's essential functions. *Id.* (cleaned up); *see Lee v. Chi. Transit Auth.*, No. 12-CV-09180, 2016 WL 6680483, at *3 (N.D. Ill. Nov. 14, 2016) (collecting Seventh Circuit cases), *aff'd*, 696 F. App'x 752 (7th Cir. 2017).

Filing a workers' compensation claim has no bearing on whether Davis could perform the essential functions of his job. The claim does not change Davis' physical ability to perform his job duties—it would only compensate him for medical expenses or time off work resulting from a workplace injury. Thus, inquiring into the possibility of filing a workers' compensation claim is not a request for a reasonable accommodation. *See Emerson v. Dart*, No. 21-CV-06407, 2023 WL 143223, at *2 (N.D. Ill. Jan. 10, 2023); *see also Curro v. HD Supply, Inc.*, No. 2:19-cv-19198-BRM-JAD, 2020 WL 3496955, at *8 (D.N.J. June 29, 2020) ("[B]ecause a workers' compensation claim . . . is not a modification of a work environment nor removal of workplace barriers, a workers' compensation claim cannot constitute a request for accommodation.").

The other references to a request for accommodation in the complaint are bare assertions

with no supporting facts. Davis claims that his "reasonable requests for accommodation were ignored," that Power Stop's "conduct equates to a failure to accommodate in violation of the ADA," that Power Stop "failed to engage in the interactive process," and that Power Stop "did not accommodate Davis' disability." (Compl. ¶¶ 21, 53, 56, 58.) But Davis provides no factual allegations to support these conclusory statements. Thus, the Court need not accept them as true for purposes of this motion. *Twombly*, 550 U.S. at 555; *see Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 855 (7th Cir. 2019) ("A plaintiff cannot rely on . . . generalized allegations alone, however, but must combine them with facts particular to his case to survive a motion to dismiss.").

Because the complaint lacks adequate factual support for Davis' failure to accommodate claim, Count II should be dismissed.

## Conclusion

For the reasons discussed above, Power Stop's motion should be granted and the Court should dismiss Counts I and II of Davis' complaint.

Dated: November 13, 2023

Respectfully Submitted,

POWER STOP, LLC

_/s/ Benjamin S. Morrell_
By:   One of Its Attorneys

Heather A. Jackson (ARDC No. 6243164)
hjackson@taftlaw.com
Benjamin S. Morrell (ARDC No. 6341896)
bmorrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
Firm I.D. No. 29143

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEN DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> POWER STOP, LLC, <br><br> Defendant. | Case No: 1:23-cv-07631 <br><br> District Judge Coleman <br><br> Magistrate Judge Jantz |

**CERTIFICATE OF SERVICE**

  I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

  Date: November 13, 2023

*/s/ Benjamin S. Morrell*
Counsel for Defendant
