UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEN DAVIS,<br><br>  Plaintiff,<br><br>v.<br><br>POWERSTOP, LLC,<br><br>  Defendant. | Case: 1:23-cv-07631<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Beth W. Jantz<br><br>Jury Trial Demanded |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITON
TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

NOW COMES Ken Davis ("Plaintiff"), by and through the undersigned counsel respectfully reply to Defendant's opposition of Plaintiff's motion for leave to file an amended complaint and pursuant to Fed. R. Civ. P. 15(a)(2).

On September 7, 2023, Plaintiff filed his Complaint seeking redress for alleged violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C §12101, *et seq*. ("ADA"), against Powerstop, LLC ("Defendant"). [Dkt. No. 1]. On November 13, 2023, Defendant filed a Motion to Dismiss two of the three claims in Plaintiff's complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) [Dkt. No. 13], and their Memorandum in Support [Dkt. No. 13-1], alleging deficiencies within Plaintiff's Complaint. On December 27, 2023, Plaintiff requested leave to amend this Complaint to at least attempt to cure alleged deficiencies Defendant asserted in Defendant's Motion to Dismiss. (Dkt. 16) Defendant is correct, that Plaintiff also added a new cause of action in the proposed amended complaint. (Dkt. 16-1, and Dkt. 20, pg. 1) Power Stop does not object, however, to Plaintiff's proposed amendment to add a new claim (Count IV). (Dkt. 20, pg. 1).

1

Defendant argues that the amended complaint does not cure Defendant's alleged deficiencies in regard to whether or not Plaintiff sufficiently pled Plaintiff suffers from a disability under the ADA (which is an element of both Counts I and II). (Dkt. 20, pg. 1). Defendant is incorrect in their response that the amended complaint does not add new factual assertions to specifically address Defendant's alleged deficiencies that Plaintiff only recited the definition of a disability and did not sufficiently plead a description of how Plaintiff has a disability under the ADA.

To demonstrate, Plaintiff pled in the amended complaint the following to sufficiently plead Plaintiff has a disability:

- Specifically, in or about April of 2023, Plaintiff was injured at work when he dropped a box of dust that contained silicon crystals, and these crystals entered his eye.
- This injury has caused Plaintiff burning and a permanent vision/ eye impairment.
- This impairment substantially limits his vision, which is a major life activity.
- Plaintiff's has a record of such impairment and still presently suffers from such impairment.

(Dkt. 16-1 ¶16-19). Thus, it is Plaintiff's position that the above factual assertions regarding Plaintiff having permanent damages to his vison is a disability under the ADA and therefore, Plaintiff's amended complaint adding the above factual details at least in-part cures Defendant's asserted deficiencies in their Motion to Dismiss.

Defendant also argues that the amended complaint does not cure Defendant's alleged deficiencies in regard to whether or not Plaintiff sufficiently pled the elements of a failure to accommodate claim under the ADA. Defendant is incorrect in their response that the amended complaint only provides recitation of the elements or bare assertions of a claim for failure to accommodate. In fact, Plaintiff's amended complaint specifically addresses Defendant's alleged

2

deficiencies that Plaintiff only recited the elements of failure to accommodate claim under the ADA and thus, did not sufficiently plead his claim.

To demonstrate, Plaintiff pled in the amended complaint the following to meet the *Iqbal* standard for the ADA failure to accommodate claim.

- In or about April of 2023, following the above eye injury that left Plaintiff permanently disabled, Plaintiff inquired about filing a worker's compensation claim and requested if he was eligible for light duty or some other appropriate reasonable accommodations.
- Plaintiff's supervisors (non-disabled) discouraged Plaintiff from filing a worker's compensation claim.
- Plaintiff's supervisors (non-disabled) failed to engage in the interactive process to determine the appropriate reasonable accommodations.
- Defendant downplayed the severity of his perceived disability, mocking him and telling him to just "flush it out with water".
- Plaintiff's reasonable requests for an accommodation of light duty and request to file a workers compensation claim were ignored.
- Due to not being accommodated and Plaintiff's supervisors (non-disabled) discouraged Plaintiff from filing a worker's compensation claim, Plaintiff decided to reach out to Human Resources and request accommodations by filing a workers' compensation claim.
- At no point did Defendant accommodate Defendant's disability.

(Dkt. 16, ¶22-28).

Thus, it is Plaintiff's position that the above pled facts in the proposed amended complaint adequately satisfy a failure to accommodate claim/elements under the ADA, Plaintiff's amended complaint adding the above factual details at least in-part cures Defendant's asserted deficiencies in their Motion to Dismiss.

Therefore, Plaintiff amended complaint is not futile and does address Defendant's assertions laid out in their Motion to Dismiss (Dkt. 14). Equally important, Plaintiff's amended complaint would not prevent Defendant from filing a motion to dismiss regardless if the Court granted Plaintiff leave to file their first amended complaint. Therefore, Defendant also have not articulated any prejudice the amended complaint would cause.

Notably, pursuant to Fed. R. Civ. P. 15(a)(2), a court should freely give a party leave to amend its pleading when justice requires. *See* Fed. R. Civ. P. 15(a)(2)."Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). A District Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amended, etc." *Id.*

Here, justice would be served if Plaintiff is granted leave to amend his Complaint because Plaintiff added crucial facts to sufficiently plead his claims under the ADA, despite Defendant's assertions and misstatement of the amended complaint. Plaintiff's Motion for Leave to Amend is not brought for purposes of causing undue delay, nor is it the result of bad faith or other dilatory motive. Furthermore, this is Plaintiff's first request to amend their Complaint and Defendant will not suffer any prejudice as a result of the amendment. Lastly, Plaintiff's amendments made to his complaint are not futile because Plaintiff again, added crucial facts to sufficient plead his claims under the ADA.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an order granting Plaintiff leave to file his First Amended Complaint and to grant any other relief deemed just and proper.

Dated: January 24, 2024                  Respectfully submitted,

*/s/Chad W. Eisenback, Esq.*
Chad W. Eisenback, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7632
Fax: (630) 575-8188
ceisenback@sulaimanlaw.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/Chad W. Eisenback, Esq.*
Chad W. Eisenback, Esq.