UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEN DAVIS,<br><br>  Plaintiff,<br><br>v.<br><br>POWER STOP, LLC,<br><br>  Defendant. | Case No. 23-cv-07631<br><br>District Judge Coleman<br><br>Magistrate Judge Jantz |

**RESPONSE IN OPPOSITION IN PART TO PLAINTIFF'S
AMENDED MOTION FOR LEAVE TO AMEND**

  Defendant Power Stop, LLC moved to dismiss two of the three counts of Plaintiff Ken Davis' original complaint. (D.E. 13.) Rather than file a response, Davis filed a motion for leave to amend his complaint (and a proposed amended complaint) on the day a response was due. (D.E. 16.) The Court struck the motion on procedural grounds, after which Davis filed a substantively identical amended motion. (D.E. 22, 23, 24.)[1] Power Stop now restates its opposition in part to that motion. (*See* D.E. 20.)

  Davis states in his amended motion that he requests leave to amend "to cure [the] alleged deficiencies" discussed in Power Stop's motion to dismiss. (D.E. 23 at 1.) Davis fails to mention that he has also added a new cause of action (Count IV), for retaliatory discharge under Illinois common law. (D.E. 16-1 at 9–10.)

---

[1] Docket entries 23 and 24, and 23-1 and 24-1, are identical. It appears Davis inadvertently double-filed his amended motion and proposed amended complaint. For consistency, Power Stop cites to the first filed set of documents here.

Davis' slight amendments with regard to Counts I and II do not fix the deficiencies identified in Power Stop's motion to dismiss. As a result, any amendment regarding these claims would be futile. Power Stop does not object, however, to Davis' proposed amendment to add a new claim (Count IV). Power Stop thus only opposes Davis' motion in part.

While leave to amend should be "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), district courts need not allow amendment when it would be futile, *Bethany Pharmacal Co. v. QVC, Inc.,* 241 F.3d 854, 861 (7th Cir. 2001). *See Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.").

Davis' amended complaint does not remedy the first deficiency discussed in Power Stop's motion to dismiss: that Davis has failed to plausibly allege that he suffers from a disability under the ADA (which is an element of both Counts I and II). (D.E. 13-1 at 3–4.) Davis' proposed amendments regarding this element are sparse. They are:

- "This impairment substantially limits his vision, which is a major life activity."
- "Plaintiff's [sic] has a record of such impairment and still presently suffers from such impairment."

(D.E. 23-1 at 4; *see* Ex. 1.)[2] These additions are simply a restatement of the ADA's definition of "disability," which is: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 1202(1). Davis' bare assertions and formulaic recitations of the elements fail to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[2] For the Court's convenience, Power Stop attaches as **Exhibit 1** a comparison document showing the differences between the initial complaint and the proposed amended complaint. Deletions appear in red while additions appear in blue.

544, 555 (2007). As explained in Power Stop's motion to dismiss the initial complaint, "vague allegations of disability do not suffice to allow the Court to find he had a disability that qualifies under the ADA." *Trent v. D.T. Chicagoland Express, Inc.*, No. 18 C 5090, 2019 WL 498943, at *3 (N.D. Ill. Feb. 7, 2019); (*see* D.E. 13-1 at 4). And Davis does not assert that he missed any work as a result of this alleged injury. In fact, he continued working for Power Stop. (*See generally* D.E. 23-1 at 3–6.) This further undercuts the plausibility of his allegation that he suffered from a disability under the ADA.

Additionally, Davis' proposed amended complaint fails to plausibly allege the elements of his claim for failure to accommodate. In an attempt to cure the deficiencies, Davis has added allegations that Power Stop failed to "engage in the interactive process to determine the appropriate reasonable accommodations." (D.E. 23-1 at 5.) Again, these are mere conclusory statements that lack factual support. As such, the Court need not accept them as true. *Twombly*, 550 U.S. 544, 555 (2007). Davis also now claims that he "requested if he was eligible for light duty or some other appropriate reasonable accommodations"[3] for his alleged eye injury. (D.E. 23-1 at 5.) Davis does not provide any information as to what these "other appropriate reasonable accommodations" could be, and the Court need not speculate for him.

Davis's assertion that he "requested if he was eligible for light duty" does not plausibly allege that he requested a reasonable accommodation. Light duty may be an appropriate accommodation for certain physical injuries, like a back injury or a broken ankle. Davis makes no attempt to further explain what he means by "light duty" in the context of an eye injury or how it would allow

---

[3] Power Stop explains in its motion to dismiss why Davis' alleged request to file for workers' compensation does not constitute a request for a reasonable accommodation under the ADA. (*See* D.E. 13-1 at 5–7.)

3

him to perform the essential functions of his job as a warehouse worker, which included "working with and operating machinery." (D.E. 23-1 at 4.) Thus, Davis fails to plausibly allege that he requested a reasonable accommodation under the ADA.

For the reasons discussed above, the Court should deny Plaintiff's amended motion for leave to amend as to Counts I and II. Alternatively, Power Stop will file a new motion to dismiss regarding Davis' amended complaint and respectfully requests that the Court enter a briefing schedule.

Dated: April 2, 2024

Respectfully Submitted,

POWER STOP, LLC

*/s/ Benjamin S. Morrell*
By: One of Its Attorneys

Heather A. Jackson (ARDC No. 6243164)
hjackson@taftlaw.com
Benjamin S. Morrell (ARDC No. 6341896)
bmorrell@taftlaw.com
Elizabeth C. Wellhausen (ARDC No. 6346609)
ewellhausen@taftlaw.com
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
Firm I.D. No. 29143

4

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: April 2, 2024

                                              */s/ Benjamin S. Morrell*
                                              Benjamin S. Morrell
                                              *Counsel for Defendant*