# EXHIBIT 1



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEN DAVIS,** | ) | |
| | ) | **Case: 1:23-cv-07631** |
| **Plaintiff,** | ) | |
| | ) | **Judge: Coleman** |
| **v.** | ) | |
| **POWERSTOP LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Ken Davis ("Plaintiff"), by and through the undersigned counsel, pursuant to

Fed. R. Civ. P. 15(a)(2) hereby files this Amended Complaint against Powerstop LLC

("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2.     This lawsuit also arises under the Illinois common law claim of retaliatory discharge for Plaintiff's engagement in protected activity under (820 ILCS 305/) Illinois Workers' Compensation Act ("IWCA").

## JURISDICTION AND VENUE

3. ~~2.~~ Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action

is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

      4.    ~~3.~~ Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business

in

~~Case: 1:23-cv-07631 Document #: 1 Filed: 09/07/23 Page 2 of 9 PageID #:2~~ this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5.      This Court has pendent jurisdiction and supplementary jurisdiction of Count IV through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

6.      ~~4.~~ All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

7.      ~~5.~~ A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8.      ~~6.~~ Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9.      ~~7.~~ At all times material to the allegations of this Complaint, Plaintiff, Ken Davis, resides in Cook County in the State of Illinois.

10.      ~~8.~~ At all times material to the allegations in this Complaint, Defendant, Powerstop LLC is a corporation doing business in and for Cook County whose address is 6600 River Road, Hodgkins, IL 60525.

11.      ~~9.~~ Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

Case: 1:23-cv-07631 Document #: 23-1 Filed: 04/01/24 Page 4 of 12 PageID #:164

12.      ~~10.~~ During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry

affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

13. ~~11.~~ Plaintiff began working for Defendant as a Warehouse Worker on or about

~~Case: 1:23-cv-07631 Document #: 1 Filed: 09/07/23 Page 3 of 9 PageID #:3~~ October 18, 2022.

14. ~~12.~~ As a Warehouse Worker, Plaintiff was generally responsible for working with and operating machinery.

15. ~~13.~~ Plaintiff suffers from a physical impairment that substantially limits his major life activities.

16. ~~14.~~ Specifically, in or about April of 2023, Plaintiff was injured at work when he dropped a box of dust that contained silicon crystals, and these crystals entered his eye.

17. ~~15.~~ This injury has caused Plaintiff burning and a permanent vision/ eye impairment.

18. This impairment substantially limits his vision, which is a major life activity.

19. Plaintiff's has a record of such impairment and still presently suffers from such impairment.

20. ~~16.~~ Despite this disability, Plaintiff was qualified and able to perform the essential functions of his job, with or without reasonable accommodation.

21. ~~17.~~ Plaintiff is "qualified individual" as defined under the ADA.

22. ~~18.~~ In or about April of 2023, following the above eye injury that left Plaintiff permanently disabled, Plaintiff inquired about filing a worker's compensation claim ~~as a form~~and

requested if he was eligible for light duty or some other appropriate reasonable accommodation accommodations.

23. 19. Plaintiff's supervisors (non-disabled) discouraged Plaintiff from filing a worker's compensation claim.

24. Plaintiff's supervisors (non-disabled) failed to engage in the interactive process to determine the appropriate reasonable accommodations.

25. 20. They Defendant downplayed the severity of his injury perceived disability, mocking him and telling him to just "flush it out with water".

26. 21. Plaintiff's reasonable requests for an accommodation of light duty and request to file a workers compensation claim were ignored.

27. 22. Due to not being accommodated and Plaintiff's supervisors (non-disabled) discouraged Plaintiff from filing a worker's compensation claim, Plaintiff decided to reach out to Human Resources and file a request accommodations by filing a workers' compensation claim.

28. At no point did Defendant accommodate Defendant's disability.

29. 23. Shortly after Plaintiff filed his worker's compensation claim, he began to face

Case: 1:23-cv-07631 Document #: 1 Filed: 09/07/23 Page 4 of 9 PageID #:4

discrimination and retaliation from his supervisors.

30. 24. After filing his workers' compensation claim, Plaintiff received approximately ten frivolous write-ups from April 2023 to June 2023.

31. 25. For example, one day Plaintiff was having problems with his work phone that would not allow him to clock out at his designated clock out time.

32. 26. Plaintiff was in the break room attempting to fix this, when his supervisors entered.

33. 27. These supervisors, Harkeem (LNU) and Ulysses (LNU), approached Plaintiff and

immediately began accusing him of stealing.

34. 28. Plaintiff attempted to explain that he was simply trying to clock out, and planning to leave a note explaining what happened with the phone.

35. 29. Despite this, Hakeem and Ulysses continued intimidating Plaintiff and eventually wrote him up for this incident.

36. 30. On another occasion, a supervisor told Plaintiff that he did not complete one of his job duties for the day, which the employees refer to as "scanning".

37. 31. Plaintiff did scan that day, and other coworkers saw him do so, yet the Supervisor wrote Plaintiff up, maintaining that he did not scan.

38. 32. On or about May 22, 2023, Plaintiff had endured enough, and thus he engaged in protected activity by reporting the constant discrimination, harassment, and retaliation on written "Witness Forms".

39. 33. Shortly thereafter, on June 8, 2023, Plaintiff had to miss requested leave from work for an appointment with his eye doctor (reasonable accommodation).

40. ~~34.~~ Plaintiff informed his supervisors of this appointment, and provided proof in the form of a doctor's note.

~~35.     Therefore, this should have been an excused absence.~~

41. ~~36.~~ However, Plaintiff was written up for "insubordination", stating that he had been instructed to reschedule all appointments to after his shift.

42. ~~37.~~ As Plaintiff was seeing a specialist, who has incredibly limited availability, Plaintiff could not reschedule his appointment to a time outside of his shift.

43. ~~38.~~ Defendant wrongfully attempted to interfere with, and deter Plaintiff from, seeking medically necessary care for his disability and again, failed to provide reasonable

Case: 1:23-cv-07631 Document #: 23-1 Filed: 04/01/24 Page 7 of 12 PageID #:167

accommodations.

44. ~~39.~~ On June 9, 2023, just one day after this write up, Defendant terminated Plaintiff for "using a machine [Plaintiff] was not certified to use" ~~in a pre-textual way~~.

45. ~~40.~~ Plaintiff had been using this machine without problem during his entire employment with Defendant.

46. ~~41.~~ The purported justification for Plaintiff's termination was pretext.

~~42. In reality, Plaintiff was unlawfully terminated in retaliation and in discrimination~~

~~based on~~ Defendant systematically retaliated against Plaintiff for engaging in protected activity under the ADA and filing a workers' compensation claim.

47. If it was not for Plaintiff's disability, Defendant would not have terminated

7

Plaintiff.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

48. ~~43.~~ Plaintiff repeats and re-alleges paragraphs ~~1-42~~1-48 as if fully stated herein.

49. ~~44.~~ By virtue of the conduct alleged herein, Defendant intentionally discriminated

against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act

of 1990, 42 U.S.C. § 12101, *et seq*.

~~Case: 1:23-cv-07631 Document #: 1 Filed: 09/07/23 Page 6 of 9 PageID #:6~~

50. ~~45.~~ Plaintiff met or exceeded performance expectations throughout the duration of his

employment with Defendant.

51. ~~46.~~ Plaintiff was treated less favorably than similarly situated employees outside of

Plaintiff's protected class.

52. ~~47.~~ Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

53. ~~48.~~ Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

Case: 1:23-cv-07631 Document #: 23-1 Filed: 04/01/24 Page 8 of 12 PageID #:168

of the ADA.

54. ~~49.~~ Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

55. ~~50.~~ Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. 51. As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss

of enjoyment of life.

## COUNT II
**Violation of Americans with Disabilities Act (Failure to Accommodate)**

57. 52. Plaintiff repeats and re-alleges paragraphs 1-42 1-48 as if fully stated herein.

58. 53. By virtue of the conduct alleged herein, Defendant engaged in unlawful

employment practices by failing to accommodate Plaintiff's disability, in violation of Americans

with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

59. 54. Plaintiff is a qualified individual with a disability.

60. 55. Defendant was aware of the disability and the need for accommodations, as Plaintiff

notified Defendant in a meeting as early as April 2023, when he became disabled.
Case: 1:23-cv-07631 Document #: 1 Filed: 09/07/23 Page 7 of 9 PageID #:7

61. 56. Defendant failed to engage in the interactive process to determine the appropriate

accommodations after Plaintiff requested reasonable accommodations.

62. 57. Plaintiff's reasonable accommodations requested were not an undue burden on the

Defendant.

63. 58. Defendant did not accommodate Plaintiff's disability.

64. 59. Plaintiff is a member of a protected class under Americans with Disabilities Act of
Case: 1:23-cv-07631 Document #: 23-1 Filed: 04/01/24 Page 9 of 12 PageID #:169

1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

65. ~~60.~~ Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

66. ~~61.~~ As a direct and proximate result of the failure to accommodate described above,

Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

employment benefits and has suffered and continues to suffer mental anguish, distress,

humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

67. ~~62.~~ Plaintiff repeats and re-alleges paragraphs ~~1-42~~1-48 as if fully stated herein.

*68.* ~~63.~~ Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

69. ~~64.~~ During Plaintiff's employment with Defendant, Plaintiff reasonably requested

accommodations, which Defendant wrongfully denied.

70. ~~65.~~ Plaintiff also filed a worker's compensation claim.

71. ~~66.~~ Additionally, Defendant complained of disability-based discrimination.

72. ~~67.~~ As such, Plaintiff engaged in protected conduct on numerous occasions and was

protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of

1990, 42 U.S.C. § 12101, *et seq*.

~~Case: 1:23-cv-07631 Document #: 1 Filed: 09/07/23 Page 8 of 9 PageID #:8~~

73. ~~68.~~ In response to Plaintiff's request, Defendant failed to accommodate Plaintiff's

reasonable request for accommodations or conduct a prompt, thorough, and objective investigation

of Plaintiff's complaint of disability based discrimination.

74. ~~69.~~ Defendant also failed to take necessary precautions to prevent further recurrences

of the discriminatory conduct suffered by Plaintiff.

75. ~~70.~~ By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff

requesting accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

76. ~~71.~~ Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, termination on June 9, 2023.

77. ~~72.~~ Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

78. ~~73.~~ As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

**COUNT IV**
**Violation of Illinois Common Law**
**(Retaliatory Discharge)**

79. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

80. By virtue of the conduct alleged herein, Defendant engaged in unlawful

employment practices and retaliated against Plaintiff for filing for worker's compensation benefits,

under (820 ILCS 305/) Illinois Workers' Compensation Act.

81. As such, Plaintiff engaged in protected conduct by exercising his rights and was

protected against unlawful retaliation by Defendant under the IWCA.

82. Plaintiff suffered an adverse employment action for attempting to exercise his rights

and use workers' compensation coverage, specifically, termination.

83.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on

Plaintiff's reporting the injury, seeking medical care, and attempting to utilize workers'

compensation coverage.

84.    Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless

violation the IWCA.

86.    As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's

favor and against Defendant as follows:

a.    Back pay with interest;

b.    Payment of interest on all back pay recoverable;

c.    Front pay;

d.    Loss of benefits;

e.    Compensatory and punitive damages;

f.    Reasonable attorneys' fees and costs;

g.      Award pre-judgment interest if applicable; and

h.      Award Plaintiff any and all other such relief as the Court deems just and

proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this ~~7th~~1st day of ~~September~~April, ~~2023~~2024.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200

Lombard, Illinois 60148
Phone (331) 307 - 7632 Fax
(630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

Document comparison by Workshare Compare on Tuesday, April 2, 2024
4:51:23 PM

| Input: | |
|---|---|
| Document 1 ID | ███████████████████ |
| Description | D.E. 1 |
| Document 2 ID | ███████████████████ |
| Description | D.E. 23-1 |
| Rendering set | TaftStandard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 161 |
| Deletions | 101 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 262 |