## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KEN DAVIS,

      Plaintiff,

v.

POWER STOP, LLC,

      Defendant.

Case No: 1:23-cv-07631

District Judge Coleman

Magistrate Judge Jantz

## MOTION TO DISMISS IN PART PLAINTIFF'S AMENDED COMPLAINT

    Defendant Power Stop, LLC, by and through undersigned counsel, moves to dismiss two of the four claims in Plaintiff Ken Davis' amended complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Power Stop states as follows:

    1.    Count I of Davis' amended complaint alleges discrimination on the basis of disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Count II alleges failure to accommodate under the ADA.[1] Both types of claims share an essential element: the plaintiff must prove he suffers from a "disability" as defined by the statute.

    2.    Davis fails to plausibly allege that he suffers from a disability that is a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). He provides no detail regarding his alleged eye injury that would support an allegation that it substantially limits a major life activity. Instead, he merely offers conclusory assertions and

---

[1] Count III alleges retaliation in violation of the ADA and Count IV alleges retaliatory discharge in violation of Illinois common law (related to the alleged exercise of rights under workers' compensation laws). (D.E. 23-1 at 9–10.) Power Stop's motion does not concern these claims.

formulaic recitations of the elements of these claims. Supreme Court precedent makes clear that these do not suffice to state a plausible claim for relief.

3. Count II, alleging failure to accommodate, is deficient for an additional reason. Davis alleges that he "requested if he was eligible for light duty or some other appropriate reasonable accommodations" for his alleged eye injury. (Am. Compl. ¶ 22.) This does not plausibly allege that he requested a reasonable accommodation because light duty is not a reasonable accommodation for an eye injury. Davis also alleges that he made a request for workers' compensation, but that does not constitute a reasonable accommodation either because it is not a modification of a work environment or a removal of workplace barriers.

4. Moreover, Davis' inconsistent allegations regarding the effect of his alleged injury on his ability to work further undercuts the plausibility of both of these claims.

5. In further support of this motion, Power Stop submits the attached memorandum of law, as well as a copy of each authority cited therein that is published only on electronic databases, such as Westlaw and Lexis, pursuant to the Court's standing order on "Memorandum of Law Requirements."[2]

6. Power Stop shall deliver to the Court within 24 hours of filing this motion courtesy copies of this motion and all supporting documents, pursuant to the instructions on the Court's website.[3]

For these reasons, discussed more fully in the accompanying memorandum of law, Power Stop respectfully requests that the Court grant its motion and dismiss Counts I and II of Davis'

---

[2] *See* https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=626.
[3] *See* https://www.ilnd.uscourts.gov/judge-info.aspx?xOs2BvERVp8=.

amended complaint.

Dated: April 17, 2024                     Respectfully Submitted,

                                          POWER STOP, LLC

                                                  */s/ Benjamin S. Morrell*
                                          By:     One of Its Attorneys

Heather A. Jackson (ARDC No. 6243164)
hjackson@taftlaw.com
Benjamin S. Morrell (ARDC No. 6341896)
bmorrell@taftlaw.com
Elizabeth C. Wellhausen (ARDC No. 6346609)
ewellhausen@taftlaw.com
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
Firm I.D. No. 29143

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: April 17, 2024

*/s/ Benjamin S. Morrell*
Counsel for Defendant