UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEN DAVIS,<br><br>      Plaintiff,<br><br>v.<br><br>POWER STOP, LLC,<br><br>      Defendant. | Case No: 1:23-cv-07631<br><br>District Judge Coleman<br><br>Magistrate Judge Jantz |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS IN PART
PLAINTIFF'S AMENDED COMPLAINT**

    Plaintiff Ken Davis alleges that Defendant Power Stop terminated his employment for several different unlawful reasons. As relevant here, Davis claims that Power Stop discriminated against him on the basis of an alleged disability and failed to accommodate that alleged disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Both of these claims fail because Davis does not sufficiently plead that he suffers from a "disability" as that term is defined by the statute. Specifically, Davis fails to plausibly allege that his alleged eye injury "substantially limits one or more major life activities." 42 U.S.C. § 12102(1). His vague allegations and legal conclusions that merely regurgitate the elements of these causes of action are not entitled to deference and fail to satisfy federal pleading standards.

    The failure to accommodate claim fails for the additional reason that Davis does not plausibly allege that he ever requested a reasonable accommodation. That is, the activity he claims to have engaged in does not qualify as such. Moreover, Davis' inconsistent allegations regarding the effect of his alleged injury on his ability to work further undercuts the plausibility of both of these claims. For these reasons, the Court should grant Power Stop's motion and dismiss Counts I and

II of Davis' amended complaint.

## BACKGROUND

### I. Factual background[1]

Plaintiff Ken Davis worked for Power Stop as a Warehouse Associate beginning in October 2022. (Am. Compl., D.E. 28, ¶ 13.) Davis claims that he was injured at work in April 2023 when he allegedly "dropped a box of dust that contained silicon crystals, and these crystals entered his eye." (*Id.* ¶ 16.) He claims this alleged "injury has caused [him] burning and a permanent vision/eye impairment," that it "substantially limits his vision, which is a major life activity," and that it "left [him] permanently disabled." (*Id.* ¶¶ 17, 18, 22.) However, Davis also asserts that "[d]espite this disability, [he] was qualified and able to perform the essential functions of his job, with or without reasonable accommodation." (*Id.* ¶ 20.)

Davis alleges that he contacted his supervisors at Power Stop, "inquired about filing a worker's compensation claim[,] and requested if he was eligible for light duty or some other appropriate reasonable accommodations." (*Id.* ¶ 22.) But Davis does not assert that he missed any work as a result of this alleged injury. In fact, he continued working for Power Stop. (*See generally id.* ¶¶ 18–48.)

Power Stop terminated Davis' employment in early June 2023 after he was observed "us[ing] a machine [he] was not certified to use." (*Id.* ¶ 44.) Power Stop maintains that it fired Davis because this conduct constituted an egregious safety violation that endangered the physical safety of himself and his coworkers. Davis claims that this reason is pretextual and that

---

[1] Power Stop disputes many allegations contained in the amended complaint; however, the Court must accept all well pleaded allegations as true. Power Stop similarly accepts such well pleaded allegations as true for purposes of this motion only.

discrimination and retaliation are the reasons he was fired. (*Id.* ¶¶ 45–48.)

## II. Procedural history

On September 7, 2023, Davis filed a complaint against Power Stop asserting claims of discrimination, failure to accommodate, and retaliation, all under the ADA. (Compl., D.E. 1.) Power Stop moved to dismiss the discrimination and failure to accommodate claims (Counts I and II) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) (D.E. 13.) Rather than file a response, Davis moved for leave to amend his complaint. (D.E. 16.) The proposed amended complaint he filed as an exhibit to the motion added a claim for retaliatory discharge in violation of Illinois common law and added allegations regarding his other claims "to cure [the] alleged deficiencies" discussed in Power Stop's motion to dismiss. (*Id.* at 1; *see* D.E. 16-1.) Power Stop opposed the motion in part, arguing that the proposed amendments did not fix the pleading deficiencies for Counts I and II (and noting it had no objection to the proposed addition of Count IV). (D.E. 20.)

The Court struck Davis' motion for failure to comply with Local Rule 5.3 and the Court's standing order requiring all motions to be noticed for presentment. (D.E. 22.) Davis then filed a substantively identical amended motion for leave to amend. (D.E. 23, 23-1, 24, 24-1.) Power Stop similarly refiled its opposition in part to that motion. (D.E. 26.) After a brief hearing on the motion, the Court granted Plaintiff leave to amend, struck Power Stop's motion to dismiss the original complaint, ordered Plaintiff's counsel to electronically file the amended complaint as a separate docket entry on the case docket, and set a briefing schedule for Power Stop's motion to dismiss the amended complaint. (D.E. 27.)

## LEGAL STANDARD

A complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (cleaned up); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (citation omitted). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew*, 683 F.3d at 334. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). Rule 8 requires more than legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*

## ARGUMENT

**I.     Davis fails to plausibly allege that he suffers from a disability under the ADA.**

In Counts I and II of the amended complaint, Davis asserts that Power Stop discriminated against him on account of his alleged disability and failed to accommodate his alleged disability, in violation of the ADA. (Am. Compl. ¶¶ 49–67.) Both types of claims require showing that the plaintiff "suffers from a disability as defined in the statute[ ]." *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005) (discrimination); *Johnson v. Lew*, No. 14-CV-2233, 2015 WL 13949296, at *3 (N.D. Ill. Dec. 4, 2015) (failure to accommodate). Both counts fail to state a claim because they do

4

not adequately allege this element.

The ADA defines a disability as (1) a "physical or mental impairment that substantially limits one or more major life activities," (2) a record of a disability, or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1). "Merely having a physical injury or a medical condition is not enough" to qualify as disabled under the ADA. *Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011). Davis' amended complaint fails to adequately allege any of these.

Davis claims that his alleged injury caused "burning and a permanent vision/ eye impairment." (Am. Compl. ¶ 17.) But he does not provide any details regarding the extent of this injury that would plausibly allege it substantially limits a major life activity. His bare allegations that the "eye injury . . . left [him] permanently disabled," that his "impairment substantially limits his vision, which is a major life activity," that he "has a record of such impairment and still presently suffers from such impairment" and that he "is a qualified individual with a disability," (*id.* ¶¶ 22, 18, 19, 60), are the sort of "formulaic recitation[s] of the elements" that fail to state a plausible claim for relief, *Twombly*, 550 U.S. at 555. *See, e.g.*, *Gallardo v. Chi. Transit Auth.*, No. 15 CV 7458, 2016 WL 3165768, at *2 (N.D. Ill. June 7, 2016) (dismissing ADA claim for "fail[ure] to sufficiently allege that [the plaintiff] is a qualified individual with a disability"); *Pack v. Ill. Dep't of Healthcare & Family Servs.*, No. 13-CV-8930, 2015 WL 507555, at *3–4 (N.D. Ill. Feb. 5, 2015) (dismissing failure to accommodate claim for this same reason).

Beyond that, federal courts have held that eye injuries more serious than the alleged injury Davis briefly describes do not qualify as a disability under the ADA. *See, e.g.*, *Watson v. Tex. Youth Comm'n*, 269 F. App'x 498, 500–01 (5th Cir. 2008) (finding the plaintiff "failed to meet his initial burden of showing actual disability" where he "offered no evidence that he was either (a)

5

completely unable to see or (b) significantly restricted in the condition, manner, or duration of his sight compared to the general population"); *Still v. Freeport-McMoran, Inc.*, 120 F.3d 50, 51 (5th Cir. 1997) (per curiam) (finding that the plaintiff who was totally blind in one eye was not substantially limited in his sight); *see also Delgado v. Bd. of Educ. of City of Chi.*, No. 07 C 1331, 2008 WL 343474, at *4 (N.D. Ill. Feb. 7, 2008) ("Delgado fails to make any arguments as to how his eye injury and hearing impairment rise to the level of 'disability' as defined by the ADA.").

Additionally, that Davis returned to work immediately after his injury and continued working for Power Stop further shows his failure to plausibly allege that this alleged injury substantially limited one or more major life activities. *Watson*, 269 F. App'x at 501; *Faust v. Pemco Aeroplex, Inc.*, 226 F. App'x 887, 889 (11th Cir. 2007) ("[Plaintiff] was not limited in the major life activity of working, as evidenced by her ability, in the past, to continue working with the very disability upon which she relies in the instant suit."); *Baptiste v. Laquila-Pinnacle*, No. 02 CIV.5540 AKH, 2003 WL 21756094, at *5 (S.D.N.Y. July 30, 2003) ("[A]fter his injury, plaintiff continued working; and when work with defendant dried up, he sought work elsewhere. Plaintiff demonstrates no substantial limitation of any life activity."). After all, Davis alleges that he suffered an injury to his eyes. If he was immediately able to resume his physically demanding job as a warehouse worker, then it is not plausible that the injury "significantly restricted . . . the condition, manner, or duration of his sight." *Watson*, 269 F. App'x at 500.

Davis' "vague allegations of disability do not suffice to allow the Court to find he had a disability that qualifies under the ADA." *Trent v. D.T. Chicagoland Express, Inc.*, No. 18 C 5090, 2019 WL 498943, at *3 (N.D. Ill. Feb. 7, 2019). To the extent Davis does describe an alleged disability, he fails to plausibly allege that it substantially limited any major life activity. As a result, his

claims for disability discrimination and failure to accommodate fail as a matter of law.

**II.     Davis fails to allege the elements of his claim for failure to accommodate.**

Davis' failure to accommodate claim should be dismissed for an additional reason: he fails to plead facts sufficiently alleging the other elements of this claim. Davis fails to plausibly allege that he needed an accommodation to perform the essential functions of his job. In fact, Davis' complaint suggests that he did *not* need an accommodation. It states that "[d]espite this disability, [Davis] was qualified and able to perform the essential functions of his job, with or without reasonable accommodation," and that he "met or exceeded performance expectations throughout the duration of his employment with Defendant." (Am. Compl. ¶¶ 20, 51.) If Davis was meeting expectations without an accommodation, then he could perform the essential function of his job and did not need an accommodation. *See, e.g.*, *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 14-CV-5125 (CBA) (RER), 2018 WL 1603872, at *5 (E.D.N.Y. Mar. 30, 2018) ("[P]laintiffs do not state a claim for a failure to reasonably accommodate where their own allegations attest that no accommodation was needed in order for them to perform their essential work functions."), *aff'd*, 767 F. App'x 123 (2d Cir. 2019); *see also* 29 C.F.R. § 1630.2(o)(1) (defining "reasonable accommodation").

What's more, Davis' assertion that he "requested if he was eligible for light duty or some other appropriate reasonable accommodations" does not plausibly allege that he requested a reasonable accommodation. (Am. Compl. ¶ 22). While light duty may be an appropriate accommodation for certain physical injuries, like a back injury or a broken ankle, Davis makes no attempt to explain what he means by "light duty" in the context of an eye injury or how it would allow him to perform the essential functions of his job as a warehouse worker, which he claims included "working with and operating machinery." (*Id.* ¶ 14.) Additionally, Davis does not provide any information as to what these "other

7

appropriate reasonable accommodations" could be, and the Court need not speculate for him. (Am. Compl. ¶ 22).

Davis also claims in the amended complaint that he "decided to reach out to Human Resources and request accommodations by filing a workers' compensation claim." (Am. Compl. ¶ 27.) A workers' compensation filing, however, is not a form of accommodation.

To qualify as a "reasonable accommodation" under the ADA, the accommodation requested must allow "the disabled employee to 'perform the essential functions of the employment position.'" *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 481 (7th Cir. 2017) (quoting 42 U.S.C. § 12111(8)). If the requested accommodation does not enable the employee to perform his job, then it is not a reasonable accommodation. *Id.* For example, "a long-term leave of absence cannot be a reasonable accommodation" because "not working is not a means to perform the job's essential functions." *Id.* (cleaned up); *see Lee v. Chi. Transit Auth.*, No. 12-CV-09180, 2016 WL 6680483, at *3 (N.D. Ill. Nov. 14, 2016) (collecting Seventh Circuit cases), *aff'd*, 696 F. App'x 752 (7th Cir. 2017).

Filing a workers' compensation claim has no bearing on whether Davis could perform the essential functions of his job. The claim does not change Davis' physical ability to perform his job duties—it would only compensate him for medical expenses or time off work resulting from a workplace injury. Thus, inquiring into the possibility of filing a workers' compensation claim is not a request for a reasonable accommodation. *See Emerson v. Dart*, No. 21-CV-06407, 2023 WL 143223, at *2 (N.D. Ill. Jan. 10, 2023); *see also Curro v. HD Supply, Inc.*, No. 2:19-cv-19198-BRM-JAD, 2020 WL 3496955, at *8 (D.N.J. June 29, 2020) ("[B]ecause a workers' compensation claim . . . is not a modification of a work environment nor removal of workplace barriers, a workers'

8

compensation claim cannot constitute a request for accommodation.").

The other references to a request for accommodation in the complaint are bare assertions with no supporting facts. Davis claims that his "reasonable requests for an accommodation of light duty" were ignored, that Power Stop's conduct equates to a failure to accommodate in violation of the ADA, that Power Stop "failed to engage in the interactive process," and that Power Stop "did not accommodate [Davis'] disability." (Am. Compl. ¶¶ 26, 59, 62, 64.) But Davis provides no factual allegations to support these conclusory statements. Thus, the Court need not accept them as true for purposes of this motion. *Twombly*, 550 U.S. at 555; *see Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 855 (7th Cir. 2019) ("A plaintiff cannot rely on . . . generalized allegations alone, however, but must combine them with facts particular to his case to survive a motion to dismiss.").

Because the complaint lacks adequate factual support for Davis' failure to accommodate claim, Count II should be dismissed.

## CONCLUSION

For the reasons discussed above, the Court should grant Power Stop's motion and dismiss Counts I and II of the amended complaint.

Dated: April 17, 2024

Respectfully Submitted,

POWER STOP, LLC

By: */s/ Benjamin S. Morrell*
One of Its Attorneys

Heather A. Jackson (ARDC No. 6243164)
hjackson@taftlaw.com
Benjamin S. Morrell (ARDC No. 6341896)
bmorrell@taftlaw.com
Elizabeth C. Wellhausen (ARDC No. 6346609)
ewellhausen@taftlaw.com

9

Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
Firm I.D. No. 29143

## CERTIFICATE OF SERVICE

      I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

      Date: April 17, 2024

                                                        */s/ Benjamin S. Morrell*
                                                        Counsel for Defendant