# EXHIBIT 1

Case: 1:23-cv-07631 Document #: 29-2 Filed: 04/17/24 Page 2 of 5 PageID #:243

Johnson v. Lew, Not Reported in Fed. Supp. (2015)

2015 WL 13949296
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.

David JOHNSON, on behalf of himself
and others similarly situated, Plaintiff,
v.
Jacob J. LEW, Secretary of the
Treasury, et al., Defendants.

14-cv-2233
|
Signed December 4, 2015

**Attorneys and Law Firms**

David M. Johnson, Pro Se.

Prashant Kolluri, United States Attorney's Office, Chicago, IL, Valerie Rebecca Raedy, United States District Court for the Northern District of IL, Chicago, IL, for Defendant Steven Mnuchin.

### ORDER

JOHN Z. LEE, United States District Judge

 *1 David Johnson, a former employee of the Internal Revenue Service, claims in his *pro se* amended complaint, Doc. 9, that the IRS and several of its employees violated his constitutional, statutory, and common law rights by discriminating against him on the basis of race and disability and by retaliating against him for objecting to the race discrimination. He seeks to pursue some of his race discrimination claims on behalf of a class of similarly situated current and former IRS employees as well as himself. Johnson also asserts claims under the Labor Management Relations Act and state law for breach of a collective bargaining agreement. Defendants move to dismiss the entire complaint for failure to state a claim.[1] Doc. 115. *See* Fed. R. Civ. P. 12(b)(6). For the reasons given below, the Court grants Defendants' motion. If Johnson believes that he can correct the defects in his complaint, he may filed a second amended complaint by January 4, 2016. Otherwise, this dismissal will become a dismissal with prejudice.

Also before the Court is a motion from Johnson seeking leave to file a second amended complaint. Docs. 122, 127. That motion is stricken as moot in light of the Court's dismissal of his current complaint and grant of permission to file a second amended complaint that is consistent with this order. Finally, the status hearing previously set for December 8, 2015, is reset to January 7, 2016, at 9:15 a.m.

### STATEMENT

In deciding a motion to dismiss, courts view the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must provide the defendant with fair notice of the basis for the claim, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). *Pro se* complaints are construed liberally. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).

*Race Discrimination and Retaliation Counts*

The bulk of the counts in Johnson's complaint (Counts I–IV, VII–IX, XIV–XVI, and XX–XXIII) are claims of race discrimination. Johnson alleges that Defendants discriminated against him because he is African-American, conspired to discriminate against him for that reason, and discriminated against a class of other African-American IRS employees on the same basis. He contends that Defendants' actions violated the Fifth Amendment, the Thirteenth Amendment, 42 U.S.C. §§ 1981, 1985, 1986, and state common law. Johnson also claims that Defendants retaliated against him after he complained to the Equal Employment Opportunity Commission (EEOC) about the race discrimination he allegedly suffered (Count V). Am. Compl. ¶¶ 181–83. He contends that this retaliation violated 31 U.S.C. § 3730(h), a provision that prohibits retaliation against *qui tam* plaintiffs and has no relevance to Johnson's case. Conspicuously, Johnson never invokes the statute that is the usual basis for claims of race discrimination in employment and related retaliation: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

 *2 Defendants argue that, because Johnson was a federal employee, Title VII provides the only potential remedy for the race discrimination and retaliation he alleges. His decision to rely on other sources of law, Defendants contend, is fatal to his claims. Mem. Supp. at 4–5. Johnson ignores Defendants'

Case: 1:23-cv-07631 Document #: 29-2 Filed: 04/17/24 Page 3 of 5 PageID #:244

Johnson v. Lew, Not Reported in Fed. Supp. (2015)

argument and instead devotes his response brief to arguing that Defendants are not entitled to qualified immunity, though Defendants have not raised a qualified-immunity defense.

The Court agrees with Defendants that Johnson's only option for bringing claims of race discrimination and related retaliation was to bring them under Title VII. The Supreme Court held in *Brown v. General Services Administration* that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment," 425 U.S. 820, 835 (1976), and that Title VII's requirements cannot be "circumvented by artful pleading," *id.* at 833. Thus, all of Johnson's race discrimination claims (including class claims) and his related retaliation claim must be dismissed.

Defendants request that the dismissal of Johnson's claims be with prejudice, meaning that he would not have the opportunity to attempt to state Title VII claims. They contend that any Title VII claim would be untimely, so his repleading would be futile. Mem. Supp. at 5–6. Under Title VII, a person who wants to file a discrimination lawsuit must first exhaust administrative remedies by filing an EEOC charge and then file suit within 90 days of receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-16(c). Defendants have submitted a copy of an EEOC ruling that shows Johnson was notified of his right to sue more than 90 days before he filed this suit.

Although Defendants may well be correct that any Title VII claims Johnson could state would be untimely, the Court cannot determine whether that is true based on Johnson's complaint. Even if the court were to consider the EEOC ruling that Defendants attached to their motion, that ruling is not dispositive because of the possibility that equitable tolling would apply. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). Johnson's assiduous avoidance of Title VII in his complaint and response brief certainly suggests that he believes he does not have viable Title VII claims, but that suggestion does not merit dismissal of his complaint with prejudice.

Nonetheless, when Johnson considers whether to file a new complaint, he should contemplate whether any Title VII claim would be timely. Additionally, if Johnson believes that he has tort claims to assert that are not merely reframed claims of race-discrimination, he should be aware that those claims must be brought under the Federal Tort Claims Act, 28 U.S.C. § 2674, which requires the exhaustion of administrative remedies before a suit is filed, 28 U.S.C. § 2675(a).[2] *See McNeil v. United States,* 508 U.S. 106, 107 (1993).

*Disability Discrimination (Count VI)*

**\*3** Johnson claims that the IRS discriminated against him based on disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111–12117. Specifically, he alleges that the Agency failed to accommodate his disability, which he identifies as "severe mental anguish and emotional distress" caused by a supervisor's "screaming" at him. Am. Compl. ¶¶ 195–200.

Defendants correctly point out that the ADA does not provide a remedy to Johnson. The Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, "is the sole remedy for federal employees claiming disability discrimination." *Mannie v. Potter,* 394 F.3d 977, 982 (7th Cir. 2005). But Johnson's pleading error is of no consequence because the Rehabilitation Act incorporates the standards of the ADA. *See* 29 U.S.C. §§ 791(f), 794(d); *Bellino v. Peters,* 530 F.3d 543, 548 (7th Cir. 2008) ("The Rehabilitation Act of 1973 incorporates the prohibitions contained within the Americans with Disabilities Act and requires federal agencies like the FAA to offer 'reasonable accommodation' to 'qualified individuals with a disability.' " (citations omitted)).

Even analyzed under the Rehabilitation Act, though, Johnson's disability discrimination claim must be dismissed, as Defendants urge. To state a disability claim under the ADA or the Rehabilitation Act based on a failure to accommodate, the complaint must include allegations that satisfy the following elements: "(1) the plaintiff must be a qualified individual with a disability; (2) the employer must be aware of the plaintiff's disability; and (3) the employer must have failed to reasonably accommodate the disability." *Brumfield v. City of Chicago,* 735 F.3d 619, 631 (7th Cir. 2013). A disabled individual under the Rehabilitation Act is "any person who (i) has a mental or physical impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B). Although Johnson alleges that the screaming incident caused him "depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence," Am. Compl. ¶ 200, he does not identify any activities—let alone

Case: 1:23-cv-07631 Document #: 29-2 Filed: 04/17/24 Page 4 of 5 PageID #:245

Johnson v. Lew, Not Reported in Fed. Supp. (2015)

"major life activities"—that he could not perform as a result of his impairment, nor does he allege that his employer viewed him as disabled. Moreover, the Rehabilitation Act and the ADA do not require employers to accommodate a disability that does not prevent the employee from performing an essential job function. *Brumfield*, 735 F.3d at 633. For that reason, a failure-to-accommodate claim must include allegations that the plaintiff's impairment had that effect. *Id.* ("To state a failure-to-accommodate claim against the City, Brumfield needed to allege facts to support an inference that her 'psychological problems' prevented her from performing an essential function of her job."). Yet Johnson does not allege that his "disability" rendered him unable to perform any essential function of his job. He does contend that his employer "refused any modifications or adjustments ... that enable a qualified individual with a disability to perform the essential functions of that position," Am. Compl. ¶ 198, but this does not qualify as an allegation that Johnson was unable to perform a specific essential job function. Mere recitals of the elements of a claim are insufficient to avoid dismissal under Rule 12(b)(6). *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

*Labor Management Relations Act (Count VII)*

**\*4** Johnson claims that Defendants violated section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, by breaching the collective bargaining agreement that governed his employment. Defendants argue that Johnson has not stated an LMRA claim because he has not sufficiently alleged that his union breached its duty of fair representation. "When union members sue their employer for breach of contract under section 301 of the LMRA, they must also state a prerequisite claim of breach of their union's duty of fair representation." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 914 (7th Cir. 2013). This pleading requirement exists because a union member must utilize the grievance procedures in their CBA rather than filing an LMRA suit, unless the union failed to represent the member's interests adequately. *Id.*

The Court agrees with Defendants that Johnson does not adequately allege that his union breached its duty of fair representation. "A union breaches its duty of fair representation when its actions are arbitrary, discriminatory, or in bad faith." *Filippo v. N. Indiana Pub. Serv. Corp.*, 141 F.3d 744, 748 (7th Cir. 1998) (citing *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991)). Although Johnson repeatedly describes one of his managers, Defendant Kottke, as an "agent" of the union who did not represent his interests, he does not allege that Kottke was his union representative or was otherwise officially acting on the union's behalf. Am. Compl. ¶¶ 338–41. Merely labeling Kottke the union's "agent," without further explanation, is insufficient to state a claim that the union breached its duty of fair representation. Thus Johnson's LMRA claim must be dismissed.

*Breach of Contract (Count XIX)*

Johnson's complaint also includes a state law claim for breach of contract. Am. Compl. ¶¶ 357–67. He does not specifically identify the contract at issue, but he does refer to the "Agreement," suggesting that his claim concerns the CBA. If so, his claim "must be dismissed as preempted by federal labor contract law." *Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 868 (7th Cir. 1997). If he is referring to some other agreement, his claim still must be dismissed because in that case his allegations are insufficient under to notify Defendants of the basis for his claim. *See Twombly*, 550 U.S. at 555.

## Conclusion

For the reasons set forth above, the Court grants Defendants motion to dismiss, Doc. 115, and strikes Johnson's motion to amend, Docs. 122, 127, as moot. If Johnson chooses to file a second amended complaint that is consistent with this order, he must do so by January 4, 2016, or this dismissal will become a dismissal with prejudice. The status hearing previously set for December 8, 2015, is reset to January 7, 2016, at 9:15 a.m.

**SO ORDERED**

**All Citations**

Not Reported in Fed. Supp., 2015 WL 13949296

**Footnotes**

Johnson v. Lew, Not Reported in Fed. Supp. (2015)

Case: 1:23-cv-07631 Document #: 29-2 Filed: 04/17/24 Page 5 of 5 PageID #:246

| | |
|---|---|
| 1 | Johnson previously dismissed Counts X through XIII voluntarily. *See* Docs. 136, 139. |
| 2 | In addition to their Rule 12(b)(6) arguments for dismissal, Defendants argue that Johnson's tort claims should be dismissed under Rule 12(b)(1). They contend that the Court lacks subject matter jurisdiction over the tort claims because Johnson did not exhaust his administrative remedies as the FTCA requires. Defendants have submitted an affidavit from the IRS's Claims Manager, Mary-Ellan Krcha, who attests that Johnson filed no administrative tort claims. They contend that the Court may consider this affidavit in deciding the motion to dismiss because a court is permitted to look beyond the plaintiff's complaint when assessing whether it has subject matter jurisdiction over a claim. But the FTCA's exhaustion requirement is not jurisdictional. *Smoke Shop, LLC v. United States,* 761 F.3d 779, 786 (7th Cir. 2014). Krcha's affidavit may support a motion for summary judgment, but it cannot be considered in conjunction with Defendants' motion to dismiss. |

**End of Document**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.