# EXHIBIT 5

2008 WL 343474
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois,
Eastern Division.

Refugio DELGADO, Plaintiff,
v.
BOARD OF EDUCATION of the
CITY OF CHICAGO, Defendant.

No. 07 C 1331.
|
Feb. 7, 2008.

**Attorneys and Law Firms**

Refugio Delgado, Chicago, IL, pro se.

Susan Margaret O'Keefe, Chicago Board of Education, Law Department, Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

AMY J. ST. EVE, District Judge.

*1 Pro se Plaintiff Refugio Delgado brought a four-count Complaint against his present employer Defendant Board of Education of the City of Chicago (the "Board") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., as well as age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and reverse gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.[1] Delgado bases his claims on the Board's failure to re-hire or transfer him to Arnold Mireles Elementary Academy. Before the Court is Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants Defendant's motion.

### BACKGROUND

**I. Northern District of Illinois Local Rule 56.1 Statements**

Because Delgado is a pro se litigant, the Board served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

When determining summary judgment motions, the Court derives the background facts from the parties' Local Rule 56.1 statements. Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 527 (7th Cir.2000). Specifically, Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.,* 368 F.3d 809, 817 (7th Cir.2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.,* 403 F.3d 940, 944 (7th Cir.2005). The parties' statements must contain short numbered paragraphs including references to the affidavits, parts of the record, and other supporting materials. *See id.; see also Ammons,* 368 F.3d at 817.

The purpose of Rule 56.1 statements is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir.2006). The types of evidentiary material available to support Local Rule 56.1 statements are numerous, but the most common materials include affidavits, deposition transcripts, and business documents. *Malec v. Sanford,* 191 F.R.D. 581, 584 (N.D.Ill.2000). In addition, "hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial." *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir.1997); *see, e.g., Keri v. Board of Tr. of Purdue Univ.,* 458 F.3d 620, 630 (7th Cir.2006).

*2 A litigant's failure to respond to a Local Rule 56.1 statement results in the Court admitting the uncontroverted statement as true. *Raymond v. Ameritech Corp.,* 442 F.3d 600, 608 (7th Cir.2006). The Court may disregard statements and responses that do not properly cite to the record. *See Cichon v. Exelon Generation Co., L.L.C.* 401 F.3d 803, 809-10 (7th Cir.2005); *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 284 (7th Cir.1997). The requirements for responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly

meet the substance of the material facts asserted." *Bordelon,* 233 F.3d at 528.

Although courts must construe pro se pleadings liberally, *see Kaba v. Stepp,* 458 F.3d 678, 681 (7th Cir.2006), a plaintiff's pro se status does not absolve him from complying with these Local Rules. *See Greer v. Board of Ed. of City of Chicago,* 267 F.3d 723, 727 (7th Cir.2001); *see also McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") With these standards in mind, the Court turns to the relevant facts of this case.

**II. Relevant Facts**
Plaintiff Refugio Delgado presently works for the Board as a substitute teacher. (R. 21-1, Def.'s Rule 56.1 Stmt. Facts ¶ 2.) Delgado is licensed to teach Elementary School grades K-9 and has an endorsement in Social Science for Middle School grades. (R. 39-1, Pls.' Resp. Stmt. Facts ¶ 2.) Delgado was born on October 3, 1965, and filed the relevant EEOC Charge of Discrimination in this matter on April 27, 2006.[2] (Def.'s Stmt. Facts ¶ 3.) The EEOC issued Delgado's Notice of Right to Sue letter on December 6, 2006. (R. 1-1, Compl.¶ 8(b).)

Principal Slater was the principal at Gillespie Elementary School during the relevant time period. (*Id.* ¶ 5.) During the 2004-05 school year, Principal Slater recommended that the Board hire Delgado as a teacher for Gillespie Elementary School for a one-year term. (*Id.* ¶ 6.) Delgado, who is not a tenured teacher, taught at Gillespie Elementary School for one year. (*Id.* ¶¶ 4, 45.) In fact, the record reveals that Delgado was a probationary teacher at Gillespie Elementary School. (*Id.* ¶ 1; Pl.'s Resp. Stmt. Facts, Ex. 22A.) Meanwhile, during the 2004-05 school year, Principal Slater recommended to the Department of Human Resources not to renew Delgado's appointment as a probationary teacher at Gillespie Elementary School for the 2005-06 school year. (*Id.* ¶ 7.) Thereafter, the Chief Executive Officer of the Chicago Board of Education, Arne Duncan, sent a letter to Delgado dated May 13, 2005, informing him that the Board was not renewing his appointment to teach at Gillespie Elementary School for the 2005-06 school year. (*Id.* ¶ 10.)

Prior to working at Gillespie Elementary School, Delgado taught at Arnold Mireles Elementary Academy (formerly called Phil Sheridan School), which is also a Chicago Public School. (Pls.' Resp. Stmt. Facts ¶ 1.) During his time at Gillespie Elementary School, Delgado wanted to be transferred back to Arnold Mireles Elementary Academy. (*Id.* ¶¶ 8, 34; Def.'s Stmt. Facts ¶ 33.) Principal Slater, however, never received a transfer form from Delgado. (Def.'s Stmt. Facts ¶ 34.) In addition, the Department of Human Resources does not have a record of Delgado's transfer request. (*Id.* ¶ 51.) Nevertheless, Delgado contends that he informed the Board of his intent to transfer on or about February 23, 2005. (Pls.' Resp. Stmt. Facts ¶ 34.) The Board never transferred Delgado to Arnold Mireles Elementary Academy.

***SUMMARY JUDGMENT STANDARD***

**\*3** Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* --- U.S. ----, ----, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson v. Liberty Lobby,* 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott,* 127 S.Ct. at 1776.

***ANALYSIS***

**I. Disability Discrimination Claim**
First, Delgado argues that the Board did not transfer or re-hire him to Arnold Mireles Elementary Academy based on his disability. "The Americans with Disabilities Act ("ADA") prohibits discrimination against 'a qualified individual with

a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.' " *Williams v. Excel Foundry & Mach., Inc.,* 489 F.3d 309, 310 (7th Cir.2007) (quoting 42 U.S.C. § 12112(a)). To establish a prima facie case of disability discrimination, Delgado must present evidence that: (1) he is disabled within the meaning of the ADA; (2) he was meeting the Board's legitimate job expectations; (3) he suffered an adverse employment action; and (4) the Board treated similarly situated employees outside of his protected class more favorably than they treated him. *Kampmier v. Emeritus Corp.,* 472 F.3d 930, 937 (7th Cir.2007).

The Court first turns to the threshold question of whether Delgado is disabled under the ADA because it is dispositive. To show that he is disabled within the meaning of the ADA, Delgado must present evidence that: (1) he has a physical or mental impairment that substantially limits one or more major life activities; (2) there is a record of such an impairment; or (3) the Board regards him as having an impairment that substantially limits one or more major life activities. *See id.* (citing 42 U.S.C. § 12102(2)(A)-(C)). Delgado makes no arguments under this standard, but claims that he has two physical impairments-an eye injury and a sensitivity to noise. The Court thus turns to whether these impairments substantially limit a major life activity.

**\*4** The focal point of the Court's inquiry involves the term "major life activities," which includes activities that "are of central importance to daily life," such as "walking, seeing, and hearing." *Cassimy v. Board of Educ. of Rockford Pub. Sch. Dist.,* 461 F.3d 932, 936 (7th Cir.2006) (quoting *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002)). To qualify as disabled under the ADA, a plaintiff must also show that the limitation on the "major life activity" is "substantial." *Toyota Motor Mfg.,* 534 U.S. at 195 (citing 42 U.S.C. § 12102(2)(A)). "Substantially limits" means that the plaintiff "is unable to perform a major life activity that the average person in the general population can perform or is significantly restricted as to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." *Kampmier,* 472 F.3d at 937; *see also* 29 C.F.R. § 1630.2(j)(1)(i)-(ii). As the Seventh Circuit instructs, "[n]ot every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity." *Cassimy,* 461 F.3d at 936.

Here, Delgado fails to make any arguments as to how his eye injury and hearing impairment rise to the level of "disability" as defined by the ADA. In fact, he admits that he "had a temporary disability to my eye when I was injured on April 18, 2000." (Pl.'s Resp. Stmt. Facts ¶ 11.) Delgado also asserts that he had conjunctivitis in 2000. (*See id.,* Ex. 11A.) Under the ADA, however, Delgado must establish that his eye injury limited a major life activity on a permanent and long-term basis, which he has failed to do based on his admission and the lack of evidence in the record supporting his claim. *See Toyota Motor Mfg.,* 534 U.S. at 195; *Anders v. Waste Mgmt. of Wis.,* 463 F.3d 670, 677 (7th Cir.2006).

Meanwhile, Delgado argues that he has a chronic hearing condition when he is exposed to loud or repeated noises above the normal decibel range. (Pl.'s Resp. Stmt. Facts ¶ 12.) The only evidence Delgado has set forth supporting this claim is an Advocate Trinity Health Partners Referral Form dated May 22, 1998, stating that he "feels [his] hearing is hypersensitive at certain levels" and a doctor's note that he had a nominal ear infection on October 8, 2007. (*Id.,* Ex. 12A, 14D.) This evidence does not substantiate Delgado's claim that his hearing problems prevent or severely restrict his ability to hear. *See Burks v. Wisconsin Dept. of Transp.,* 464 F.3d 744, 758 (7th Cir.2006). As such, there is no material issue of material fact whether Delgado was substantially limited in his ability to hear. *See id.* Because Delgado has failed to set forth sufficient evidence that he is disabled within the meaning of the ADA, the Court grants Defendant's summary judgment motion as to Delgado's disability claim.[3]

## II. Age & Reverse Gender Discrimination Claims

**\*5** Next, Delgado argues that the Board did not transfer or re-hire him to Arnold Mireles Elementary Academy based on his age and gender. Under the ADEA and Title VII, Delgado may prove intentional discrimination by using either the direct or indirect method of proof as set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Ptasznik v. St. Joseph Hosp.,* 464 F.3d 691, 695 (7th Cir.2006); *Gore v. Indiana Univ.,* 416 F.3d 590, 592 (7th Cir.2005). Because Delgado fails to present direct evidence of intentional discrimination, the Court reviews his claims under the *McDonnell-Douglas* indirect method of proof.

To establish a prima facie case of age discrimination, Delgado must show that (1) he is a member of a protected class, (2) his job performance met the Board's legitimate expectations,

(3) the Board subjected him to an adverse employment action, and (4) the Board treated similarly situated employees outside of his protected class more favorably. *See McDonnell Douglas,* 411 U.S. at 802; *Barricks v. Eli Lilly & Co.,* 481 F.3d 556, 559 (7th Cir.2007). Under his reverse-discrimination claim, Delgado must show the second, third, and fourth prima facie elements above, as well as "background circumstances" that the Board had a reason to discriminate against men or that the circumstances are "fishy." *See Henry v. Jones,* 507 F.3d 558, 564 (7th Cir.2007).

The Court turns to the fourth prima facie element of Delgado's age and reverse gender discrimination claims-whether the Board treated similarly situated individuals who were female or under 40 years old better than they treated him-because it is dispositive. [4] To determine whether employees are similarly situated, the Court's inquiry is a flexible one that considers "all relevant factors, the number of which depends on the context of the case." *Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 405 (7th Cir.2007) (quoting *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 617 (7th Cir.2000)). "An employee is similarly situated to a plaintiff if the two employees deal with the same supervisor, are subject to the same standards, and have engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Fane v. Locke Reynolds, LLP,* 480 F.3d 534, 538 (7th Cir.2007); *see also Radue,* 219 F.3d at 617-18. As the Seventh Circuit instructs "the purpose of the similarly situated requirement is to eliminate confounding variables, such as differing roles, performance histories, or decision-making personnel, which helps isolate the critical independent variable: complaints about discrimination." *Humphries,* 474 F.3d at 405. In other words, the purpose of the similarly situated test "is to determine whether there are enough common factors between a plaintiff and a comparator-and few enough confounding ones-to allow for a meaningful comparison in order to divine whether discrimination was at play." *Barricks v. Eli Lilly & Co.,* 481 F.3d 556, 560 (7th Cir.2007).

**\*6** Delgado has failed to identify similarly situated teachers who were younger or female so the Court can make a meaningful comparison to discern if unlawful discrimination was at play. *See id.; see also Radue,* 219 F.3d at 619 (similarly situated element requires plaintiff to demonstrate shared "common features essential to a meaningful comparison"). In fact, Delgado fails to set forth his own affidavit averring that the Board hired individuals at Arnold Mireles Elementary Academy who are not in his protected classes. Because Delgado has made no attempt to point to any younger or female employees who are similarly situated and received more favorable treatment, Delgado's age and reverse gender discrimination claims fail. *See Barricks,* 481 F.3d at 560.

Finally, although the rights under Title VII apply to men and whites-as well as members of various minority groups and women, *see Mlynczak v. Bodman,* 442 F.3d 1050, 1057 (7th Cir.2006), the Seventh Circuit has cautioned that

> the conventional *McDonnell Douglas* framework is not very helpful for so-called reverse-discrimination claims. Because it is the unusual employer who discriminates against majority employees, a male plaintiff alleging gender discrimination must show something more than the fact that he is gendered.... Rather, the plaintiff in such cases must show background circumstances that demonstrate that a particular employer has reason or inclination to discriminate invidiously against whites [or men] or evidence that there is something "fishy" about the facts at hand.

*Gore v. Indiana Univ.,* 416 F.3d 590, 592 (7th Cir.2005) (internal quotations and citations omitted). Again, Delgado fails to argue or present evidence that the Board has a reason or inclination to discriminate against men or that there is something "fishy" about his circumstances. *See id.* Accordingly, the Court grants Defendant's summary judgment motion as to Delgado's age and reverse gender discrimination claims.

### III. Retaliation Claim

Delgado brings his Title VII retaliation claim based on his earlier lawsuits against the Board-pursuant to the Family and Medical Leave Act and Title VII-that the parties settled. (*See* 02 C 7886; 03 C 0575). In addition, Delgado bases his retaliation claim on complaints he filed with the Occupational Safety and Health Administration ("OSHA") concerning safety conditions at both Gillespie Elementary School and

Arnold Mireles Elementary Academy. (Def.'s Stmt. Facts ¶ 36, Pl.'s Stmt. Facts ¶ 36.)

Under Title VII, it is unlawful for an "employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Title VII's "anti-retaliation provision seeks to secure th[e] primary objective [of] preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 2412, 165 L.Ed.2d 345 (2006). "Like other Title VII claims, retaliation claims may be approached under either a direct or an indirect method of proof." *Bernier v. Morningstar, Inc.,* 495 F.3d 369, 375 (7th Cir.2007).

**\*7** Because Delgado does not argue or establish a causal connection between his former lawsuits, EEOC charges, and OSHA complaints and any adverse action taken by the Board under the direct method, *see Burks,* 464 F.3d at 758, the Court turns to the indirect method of proving a retaliation claim. Under the indirect method, Delgado must establish a prima facie case of retaliation by offering evidence that: (1) he engaged in protected activity; (2) he suffered an adverse action; (3) he met the Board's legitimate job expectations; and (4) the Board treated him less favorably than similarly situated employees who did not engage in the protected activity. *See id.* at 759; *see also Brewer v. Board of Tr. of Univ. of Ill.,* 479 F.3d 908, 923 (7th Cir.2007).

There is no doubt that filing lawsuits and EEOC charges are protected activities under the first element of a retaliation claim. *See Tomanovich v. City of Indianapolis,* 457 F.3d 656, 663 (7th Cir.2006). What is missing from Delgado's case, however, is any evidence that the Board treated similarly situated employees who did not engage in protected activities more favorably than Delgado. Although Delgado has proceeded in this lawsuit pro se, he must still set forth evidence and make arguments on his behalf. *See Greer v. Board of Educ. of City of Chicago,* 267 F.3d 723, 727 (7th Cir.2001); *see also Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441, 2446, 159 L.Ed.2d 338 (2004) ( "District judges have no obligation to act as counsel or paralegal to pro se litigants."). Because he has failed to do so, the Court grants Defendant's summary judgment motion as to Delgado's retaliation claim.

## CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion for Summary Judgment.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 343474

---

## Footnotes

1     In his Complaint, Delgado also made a passing reference to his due process rights, yet did not bring a claim under 42 U.S.C. § 1983. *See Halfhill v. Northeast Sch. Corp.,* 472 F.3d 496, 500 (7th Cir.2006). Further, Delgado makes no arguments in support of a due process claim in his summary judgment filings. *See Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir.2007) (absence of discussion in briefs amounts to abandonment of claim). Therefore, the Court will not consider any such claim.

2     Any acts occurring more than 300 days prior to Delgado's filing of this EEOC charge, namely, July 1, 2005, are time-barred. *See Ledbetter v. Goodyear Tire & Rubber, Co.,* --- U.S. ----, 127 S.Ct. 2162, 2165, 167 L.Ed.2d 982 (2007); *Brown v. Illinois Dept. of Nat. Res.,* 499 F.3d 675, 695 (7th Cir.2007). The acts include the Board's non-renewal of Delgado's teaching appointment to Gillespie Elementary School pursuant to Arne Duncan's May 13, 2005, letter.

3     On his "Complaint of Employment Discrimination" Form, Delgado also checked the box that the Board failed to reasonably accommodate his disabilities. (*See* Compl. ¶ 12(c).) Because Delgado has failed to present

sufficient evidence that he is "disabled" as defined by the ADA, his reasonable accommodation claim also fails. *See EEOC v. Sears, Roebuck & Co.,* 417 F.3d 789, 797 (7th Cir.2005).

| | |
|---|---|
| 4 | The Court notes that Delgado did not turn 40 years old until October 3, 2005, which is over four months after Arne Duncan's May 13, 2005, letter informing Delgado that he would not be reappointed to Gillespie Elementary School. |

---

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Delgado v. Board of Educ. of City of Chicago, Not Reported in F.Supp.2d (2008)

Case: 1:23-cv-07631 Document #: 29-6 Filed: 04/17/24 Page 7 of 7 PageID #:272