# EXHIBIT 11

Case: 1:23-cv-07631 Document #: 29-12 Filed: 04/17/24 Page 2 of 4 PageID #:307

Emerson v. Dart, Not Reported in Fed. Supp. (2023)

2023 WL 143223
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.

Paula EMERSON, Plaintiff,
v.
Thomas J. DART, Sheriff of Cook, County, Illinois, and Cook County, Defendants.

Case No. 21-cv-06407
|
Signed January 10, 2023

**Attorneys and Law Firms**

Michael Jeffrey Greco, Attorney at Law, Chicago, IL, for Plaintiff.

Colleen Marie Harvey, Cook County State's Attorneys Office, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

SHARON JOHNSON COLEMAN, United States District Judge

*1 Plaintiff Paula Emerson ("Emerson") sued her former employer Thomas J. Dart, Sheriff of Cook County, and Cook County, Illinois for unlawful retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a), and the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/4(h). [1] Defendants move to dismiss both counts. For the following reasons, this Court grants defendants' motion to dismiss [14].

**Background**

According to Emerson's complaint, Emerson was employed by the Cook County Sheriff's Office as a Corrections Officer from 2008 through December 2019. Emerson alleges that she was diagnosed with anxiety, depression, and Post-Traumatic Stress Disorder—disabilities protected by the ADA—in 2012 and was subsequently placed on disability leave. In 2014, Emerson submitted an Application for Adjustment of Claim to the Illinois Workers' Compensation Commission (her "workers' compensation claim"). She remained on leave through December 2019, when she claims she was fired without warning. On October 13, 2020, Emerson filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission. Her workers' compensation claim remains pending.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. See Camasta v. Jos. A. Bank Clothiers, Inc., 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Trujillo v. Rockledge Furniture LLC, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

Defendants move to dismiss Emerson's complaint in its entirety, arguing that she failed to state a claim for retaliatory discharge under the ADA or the IWCA. The Court addresses each argument in turn.

First, defendants maintain that the Court should dismiss Emerson's ADA retaliation claim because she has not alleged that she engaged in an ADA-protected activity. The ADA protects individuals who "oppose[ ] any act or practice made unlawful by" the ADA from retaliation by providing them with a private right of action. 42 U.S.C. § 12203. An ADA retaliation claim has three elements: the plaintiff must allege that she "engaged in protected activity, [ ] she suffered an adverse action, and [ ] there is a causal connection between the two." Rodrigo v. Carle Found. Hosp., 879 F.3d 236, 243 (7th Cir. 2018). "Protected activities include asserting one's rights under the Act either by seeking accommodation or by raising a claim of discrimination due to disability." Id.

*2 Emerson's only allegation of a "protected activity" is her workers' compensation claim. She argues that filing and pursing this claim constituted a request for accommodation. Defendants maintain that filing a workers' compensation claim is not a "protected activity" under the ADA. Upon review of the complaint, this Court does not see how

Case: 1:23-cv-07631 Document #: 29-12 Filed: 04/17/24 Page 3 of 4 PageID #:308

Emerson v. Dart, Not Reported in Fed. Supp. (2023)

Emerson's workers' compensation claim constituted a request for accommodation or other statutorily protected activity like "filing formal charges [or] voicing informal complaints to superiors." *Strong v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 19-cv-4519, 2021 WL 354000, at *7–*8 (N.D. Ill. Feb. 2, 2021) (Tharp, J.) (internal citation omitted) (finding plaintiff's workers' compensation claim was not a protected activity). As a result, this Court agrees with defendants and several other courts in this Circuit that merely filing a workers' compensation claim is not a "protected activity" under the ADA. *See, e.g., Corrales v. Westin Hotel Mgmt. LP*, No. 17 C 6868, 2019 WL 1762907, at *8 (N.D. Ill. Apr. 22, 2019) (Feinerman, J.) ("Because pursuit of a workers' compensation claim is protected by the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, not the ADA, it does not qualify as a protected activity for purposes of an ADA retaliation claim."); *Stelter v. Wis. Physicians Serv. Ins. Corp.*, No. 17-cv-463-jdp, 2018 WL 6271600, at *13 (W.D. Wis. Nov. 30, 2018) ("An injury is not a disability, and an employer's retaliation against an employee for availing herself of workers' compensation is not ADA-protected activity."). Because Emerson has not alleged the first element of an ADA retaliation claim, the Court dismisses this Count.

Second, defendants argue that this Court should dismiss Emerson's common law retaliation claim because she has not sufficiently alleged that her workers' compensation claim caused her employment termination. A claim for retaliatory discharge under the IWCA requires a plaintiff to show that she was an "employee[ ] of defendants before or at the time of the injury; [she] exercised some right granted by the Act ...; [and her] discharge was causally related to the exercise of [her] rights under the Act." *Grabs*, 917 N.E.2d at 126 (internal citation omitted). Defendants challenge the third element, claiming that the five-year time gap between when Emerson submitted her workers' compensation claim and when she was terminated from employment defeats causation. Emerson claims that because no other intervening events could have caused her termination, her workers' compensation claim (and her disability leave itself) must have been the cause.

The Seventh Circuit has held that "[t]he causality requirement calls for more than a sequential connection—the filing of a workers' compensation claim followed by termination ... [Rather,] [t]he plaintiff must affirmatively show that the discharge was primarily in retaliation for his exercise of a protected right." *Roger v. Yellow Freight Sys., Inc.*, 21 F.3d 146, 149 (7th Cir. 1994) (internal citation omitted); *see also* *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 775 (7th Cir. 2012) (citing *Roger* for this principle). "The passage of time does not alone preclude a finding of causation," however, if other facts suggest causation. *Brooks v. Pactiv Corp.*, 729 F.3d 758, 768 (7th Cir. 2013). Here, the only basis Emerson provides for causation is her workers' compensation claim. Without additional facts suggesting causation, Emerson has not alleged the third element of a retaliatory discharge claim and the Court also dismisses this count. *See, e.g. Viramontes v. U.S. Bancorp*, No. 10-cv-761, 2011 WL 6780644, at *8 (Coleman, J.) ("The mere fact that plaintiff's worker's compensation claim preceded her termination does nothing to prove that her worker's compensation claim caused her termination.").

In her response brief, Emerson additionally requests that if the Court dismisses her complaint, she be granted leave to amend her complaint and the opportunity to conduct limited discovery into which decisionmakers at the Cook County Sheriff's Office were aware of her workers' compensation claim. As defendants point out, "under Illinois law, a claim for retaliatory discharge requires ... that the relevant decision-maker knew that the employee intended to file or had filed a workers' compensation claim." *Hillman v. City of Chicago*, 834 F.3d 787, 794 (7th Cir. 2016). Emerson conceded in her brief that she failed to identify these decisionmakers in her complaint. Because Emerson has not provided any indication as to who may possess knowledge of her workers' compensation claim, this Court will not grant any discovery on this issue. *See McCauley v. City of Chicago*, 671 F.3d 611, 620 (7th Cir. 2011) (affirming denial of plaintiff's request for 12(b)(6) discovery when counsel conceded that he lacked any knowledge that the potential subject of discovery was involved in the alleged events). Nonetheless, the Court will grant Emerson's request to amend her complaint and provide her the opportunity to try to correct the deficiencies in her complaint.

## Conclusion

*3 For these reasons, the Court grants defendants' motion to dismiss without prejudice [14]. Emerson has twenty-one days to file an amended complaint.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2023 WL 143223

**Emerson v. Dart, Not Reported in Fed. Supp. (2023)**

Case: 1:23-cv-07631 Document #: 29-12 Filed: 04/17/24 Page 4 of 4 PageID #:309

## Footnotes

1      Emerson does not identify the IWCA in her complaint, but the parties treat her workers' compensation retaliation count as a claim for retaliatory discharge under the IWCA. *See, e.g.,* Grabs v. Safeway, Inc., 917 N.E.2d 122, 126, 395 Ill. App. 3d 286, 291 (1st Dist. 2009) (discussing how the Illinois Supreme Court recognizes a cause of action for retaliatory discharge under the IWCA). Therefore, this Court also interprets Emerson's Count II as stating a claim for retaliatory discharge under the IWCA.

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW © 2024 Thomson Reuters. No claim to original U.S. Government Works.      3