**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEN DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No: 1:23-cv-07631** |
| | ) | |
| **v.** | ) | **Honorable Judge Sharon J. Coleman** |
| | ) | |
| **POWERSTOP LLC,** | ) | **Magistrate Judge Beth W. Jantz** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Ken Davis ("Plaintiff"), by and through the undersigned counsel, hereby submits his memorandum in support of his opposition to Powerstop LLC, ("Defendant") 12(b)(1) and 12(b)(6) Motion to Dismiss in Part Plaintiff's Amended Complaint and in support states as follows:

## I.   INTRODUCTION

On June 21, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") claiming that he faced disability discrimination, retaliation, retaliatory discharge, and the Defendant failed to accommodate him during his employment with Defendant. Plaintiff received a Notice of Right to Sue from the EEOC and IDHR. As a result, Plaintiff filed this current lawsuit.

On January 25, 2024, Plaintiff filed his four-count Amended Complaint with this Court against Defendant (Dkt. No. 28). Plaintiff's claims arise under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's

disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA. Plaintiff also pleads claims under the Illinois common law claim of retaliatory discharge for Plaintiff's engagement in protected activity under (820 ILCS 305/) Illinois Workers' Compensation Act ("IWCA").

Defendant filed a Motion to Dismiss in Part Plaintiff's Amended Complaint (Dkt. No. 29) on April 17, 2024 alleging that Plaintiff failed to state claims on two of the Plaintiff's four claims on which relief can be granted.

Therefore, Plaintiff submits this memorandum in support of his opposition to Defendant's Motion to Dismiss and respectfully requests the Court to deny Defendant's motion.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). If it only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the complaint fails to satisfy the pleading requirements and dismissal is appropriate. *Id., quoting Twombly*, 550 U.S. at 555.

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, all that is required is that the claimant set forth a 'short and plain statement of the claim' sufficient to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests'. *Iqbal*, 556 U.S. at 677. A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Conley v. Gibson*, 335 U.S. 41, 45-46,. 2 L.Ed.2d 80 (1957); see also Fed. R. Civ. P. 12(b)(6).

When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). A court is not obligated, however, to accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact. *Twombly*, 550 U.S. at 570.

### III. ARGUMENT

### A. PLAINTIFF SUFFICIENTLY PLED HIS CLAIM OF DISABILITY DISCRIMINATION UNDER TITLE VII AND THAT HE SUFFERS FROM A DISABILITY UNDER THE ADA.

In order to establish that one has disability under the ADA, one must show that: 1) the plaintiff suffers from a physical or mental "impairment," 2) which "substantially limits," 3) a "major life activity." 42 U.S.C. § 12102(1); *Denson v. Village of Bridgeview*, 19 F. Supp. 2d 829, 834 (N.D. Ill. 1998) (citing *Bragdon v. Abbott*, 141 L. Ed. 2d 540, 118 S. Ct. 2196, 2202-05 (1998); *Erjavac v. Holy Family Health Plus*, 13 F. Supp. 2d 737, 1998 U.S. Dist. LEXIS 10706, 1998 WL 400500, at *4 (N.D. Ill. 1998)).

First, Plaintiff sufficiently pled that he suffers from a physical or mental impairment because of the following factual assertions (Dkt. No. 28 at ¶15-19):

- Plaintiff suffers from a physical impairment that substantially limits his vision.

- Specifically, Plaintiff's injury of dropping silicon crystals in which entered his eyes at work, caused permanent vision and eye impairment.

- Plaintiff has a record of such permanent vision impairment which affects the major life activity of vision and seeing.

Second, Plaintiff sufficiently pled that the impairment is substantially limitative as his injury to his eyes is a permanent vision impairment and he has record stating so. (Dkt. No. 28 at ¶15-19).

Lastly, Plaintiff sufficiently pled that a major life activity is involved as one's sight is considered a major life activity. (Dkt. No. 28 at ¶15-19). The Court does not dispute that vision and seeing are considered to be major life activities. *Denson v. Village of Bridgeview*, 19 F. Supp. 2d 829, 834 (N.D. Ill. 1998). Furthermore, the EEOC even explicitly lists "seeing" as one of the major life activities. 29 C.F.R. § 1630.2(i). A person is substantially limited when he is either unable to perform, or significantly restricted as to the condition, manner, or duration under which the individual can perform, a major life activity as compared to an average person in the general population. *Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 450 (7th Cir. 2001).

Moreover, as noted in the Seventh Circuit, the court analyzes each case individually and while Defendant argues that more serious eye injuries than those of Plaintiff's have not given rise to meeting the disability threshold under the ADA, *Watson v. Tex. Youth Comm'n*, 269 F. App'x 498, 500–01 (5th Cir. 2008) and *Still v. Freeport-McMoran, Inc.*, 120 F.3d 50, 51 (5thCir. 1997) provided by Defendant are more so suggestions and not the standard. This Court has held that even when a plaintiff wore corrective eyeglasses or contact lenses to fix his 20/400 vision while he continued working as a firefighter, he still had a disability under the ADA. *Denson v. Village of Bridgeview*, 19 F. Supp. 2d 829 (N.D. Ill. 1998). Furthermore, this Court has previously held that a plaintiff met the pleading requirement of presenting a disability in a vision impairment as it impairs her ability to see which was necessary in her job as a bus driver. *Mack v. Chicago Transit Authority*, No. 17-cv-06908, 2020 U.S. Dist. LEXIS 208214, at *7 (N.D. Ill. Nov. 6, 2020).

Here, Plaintiff works as a warehouse worker where they often operate heavy machinery, where vision, a major life activity, directly affects his job. Like in *Denson v. Village of Bridgeview*, Plaintiff continued to work despite his disability. 19 F. Supp. 2d 829 (N.D. Ill. 1998).

Additionally, he even reasonably requested to be considered for light duty on the job due to his disability, showcasing that his disability did have an impact of his normal work. (Dkt. No. 18 at ¶22, 26). This Court does not have exact precedent to follow regarding returning to work but in accordance with working being a major life activity, that should not be a hindrance to Plaintiff because he continued to work despite his significant, permanent, and recorded vision impairment.

Thus, and instead of "vague allegations," Plaintiff alleged enough facts to raise a reasonable expectation that discovery will reveal evidence supporting Plaintiff's disability discrimination and failure to accommodate claims as an individual with a qualifying disability under the ADA. (Dkt. No. 29-1 at 6).

Accordingly, this Court should deny Defendant's Motion to Dismiss Counts I and II.

## B.   PLAINTIFF SUFFICIENTLY PLED HIS CLAIM OF FALURE TO ACCOMODATE UNDER TITLE VII.

To establish a *prima facie* case of failure to accommodate under the ADA, a plaintiff must show that: 1) he is a qualified individual with a disability; 2) the employer was aware of their disability; and 3) the employer failed to reasonably accommodate the disability. *Kotwica v. Rose Packing Co.*, 637 F.3d 744, 748 (7th Cir. 2011) (citing *EEOC v. Sears, Roebuck & Co*., 417 F.3d 789, 797 (7th Cir. 2005).

First, Plaintiff sufficiently pled that he a qualified individual with a disability because of he meets the disability standard under the ADA discussed above with a serious, permanent, and recorded vision impairment. (Dkt. No. 28 at ¶15-19, 21).

Second, Plaintiff sufficiently pled that their employer was aware of their disability because he asserted the following. (Dkt. No. 28 at ¶16-17, 22-25, 27, 38).

- Plaintiff's injury that caused his vision disability occurred at work when he dropped a box of dust that contained silicon crystals, in which entered and subsequently, damaged his eye.

- Following Plaintiff's eye injury, in or about April of 2023, Plaintiff inquired about filing a worker's compensation claim and requested to be eligible for light duty or some other appropriate reasonable accommodations.

- Subsequently, Plaintiff's supervisors, who are not disabled, discouraged Plaintiff from filing a worker's compensation claim and even downplayed the severity of his perceived disability mocking him to simply "flush it out with water.

- Since Plaintiff's supervisor's failed to accommodate him, he then went to Defendant's Human Resources ("HR") to request accommodations by filing a workers' compensation claim.

- After receiving frivolous write-ups following requesting accommodations, Plaintiff engaged in a protected activity by reporting the constant discrimination, harassment, and retaliation on written "Witness Forms" provided by Defendant.

Lastly, Plaintiff sufficiently pled that failed reasonably accommodate his disability because he asserted the following. (Dkt. No. 28 at ¶22-25, 27-28, 38-43).

- Following Plaintiff's eye injury, in or about April of 2023, Plaintiff inquired about filing a worker's compensation claim and requested to be eligible for light duty or some other appropriate reasonable accommodations.

- Subsequently, Plaintiff's supervisors, who are not disabled, discouraged Plaintiff from filing a worker's compensation claim and even downplayed the severity of his perceived disability mocking him to simply "flush it out with water.

- Since Plaintiff's supervisor's failed to accommodate him, he then went to Defendant's Human Resources ("HR") to request accommodations by filing a workers' compensation claim.

- At no point did Defendant accommodate Plaintiff's disability.

- After receiving frivolous write-ups following requesting accommodations, Plaintiff engaged in a protected activity by reporting the constant discrimination, harassment, and retaliation on written "Witness Forms" provided by Defendant.

- Shortly thereafter, on June 8, 2023, Plaintiff requested leave from work for an appointment with his eye doctor (reasonable accommodation) and provided a proof of a doctor's note as this specialist had extremely limited availability.

- Defendant wrongfully attempted to interfere with, and deter Plaintiff from, seeking medically necessary care for his disability and again, failed to provide

reasonable accommodations.

Despite Defendant's argument that Plaintiff did *not* need an accommodation, that is irrelevant and not precedent in the Seventh Circuit. In the Seventh Circuit, a disabled individual has the right to request reasonable accommodations under the ADA, regardless if they can perform the essential functions with or without reasonable accommodation. *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 968 (7th Cir. 2020) (citing *Kotaska v. Fed. Express Corp.*, 966 F.3d 624, 628 (7th Cir. 2020) (quoting 42 U.S.C. § 12111(8))).

Here, Plaintiff sufficiently pled that he has a permanent physical disability and Defendant failed to accommodate his recorded, doctor supported disability in accordance with the ADA. The examples of the failure to accommodate were not an exhaustive list but also are enough to satisfy the *Iqbal* pleading standard.

Thus, Plaintiff alleged enough facts to raise a reasonable expectation that discovery will reveal evidence supporting Plaintiff's failure to accommodate claims.

Accordingly, this Court should deny Defendant's Motion to Dismiss Count II.

## IV. CONCLUSION

Plaintiff respectfully requests this Court to deny Defendant's Motion to Dismiss in its entirety.

Dated this 8th day of May, 2024.

/s/ *Chad W. Eisenback*
**MOHAMMED O. BADWAN, ESQ.**
IL Bar No.: 6299011
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188

7

mbadwan@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 8th day of May, 2024, a true and correct copy foregoing

has been provided electronically via electronic mail and/or via U.S. mail to all parties of record.

<u>/s/ *Chad W. Eisenback*</u>
**CHAD W. EISENBACK, ESQ.**