**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEN DAVIS, | |
|     Plaintiff, | |
| v. | Case No: 1:23-cv-07631 |
| POWER STOP, LLC, | District Judge Coleman |
|     Defendant. | Magistrate Judge Jantz |

**REPLY IN SUPPORT OF MOTION TO DISMISS**

    Plaintiff Ken Davis' response brief begins by citing the wrong legal standard for evaluating a motion to dismiss. He then claims to have sufficiently pleaded that he suffers from a disability under the ADA, but the cases he cites are easily distinguishable, as they involved plaintiffs who alleged vision impairments with actual detail and specificity and did not inconsistently allege both a substantial impairment (and a purported need for a reasonable accommodation) and continued job performance in the same position immediately after the alleged injury. Davis also fails to address many issues raised in Power Stop's initial memorandum of law, including its arguments that a workers' compensation claim cannot serve as the basis for a reasonable accommodation request and that Davis' alleged request for "light duty" makes no sense in the context of an alleged eye injury. Finally, the Court should disregard Davis' assertion that discovery will yield evidence to support his claims, as the Supreme Court and the Seventh Circuit have explicitly rejected this argument. For these reasons, explained more fully below, the Court should dismiss Counts I and II of the Amended Complaint.

I. **Davis' recitation of the applicable legal standard is incorrect.**

As a preliminary matter, Davis cites *Conley v. Gibson*, 335 U.S. 41 (1957), for a proposition that is not good law. He asserts that dismissal under Rule 12(b)(6) is appropriate only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46; (*see* D.E. 33 at 2). The Supreme Court explicitly rejected this exact language in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561–63 (2007). *See In Matter of Creative Yacht Mgmt., Inc.*, No. 14 C 9050, 2015 WL 1636424, at *2 (N.D. Ill. Apr. 8, 2015) (discussing this point and collecting relevant caselaw). Davis' "arguments against dismissal of the instant action are thus premised on a more lenient pleading standard that is no longer applicable." *Id.* Now, "the pertinent inquiry under the current law relates mainly to the plausibility of the facts alleged in the complaint." *Id.*; (*see* D.E. 29-1 at 4 (discussing the correct legal standard)).

II. **Davis fails to plausibly allege that he suffers from a disability under the ADA.**

Davis begins his response to Power Stop's argument on this point by emphasizing that "seeing" qualifies as a major life activity. (D.E. 33 at 3.) This is not in dispute. What is in dispute is whether Davis' complaint sufficiently pleads that his sight is "substantially limited." Under the proper legal standard, simply asserting that "Plaintiff suffers from a physical impairment that substantially limits his vision" fails to do so because it is a formulaic recitation of the elements of the cause of action. (*Id.*); *see Twombly*, 550 U.S. at 555.

Davis cites *Denson v. Village of Bridgeview*, 19 F. Supp. 2d 829 (N.D. Ill. 1998), in support of his argument, but that case is readily distinguishable. There, the parties agreed that the plaintiff's uncorrected vision was 20/400—well past legally blind—and that wearing soft contact lenses corrected his vision to 20/20 or better in both eyes. *Id.* at 831. The parties "disagree[d] over the

legal issue of whether the ADA requires the court to consider the curative effects of corrective lenses when determining whether Denson's 20/400 vision constitutes a disability." *Id.* at 833. It does not.[1] *See id.*

None of that is at issue here. Unlike Denson, Davis fails to describe with any level of specificity the alleged limitation on his sight. Unlike Denson, he fails to list a single concrete example of how his vision is allegedly limited. *Cf. id.* ("Without his corrective lenses, Denson cannot drive, read, discern street signs or building numbers, distinguish peoples' faces, watch television or movies, or work on a computer." (citing record evidence)). And unlike Denson, Davis does not claim that his ability to immediately continue working at his physically demanding job as a warehouse worker (which, according to Davis, involved "often operat[ing] heavy machinery") after his alleged injury was due to reliance on or use of corrective lenses, contacts, or any other mitigating measure. (D.E. 33 at 4.)

*Mack v. Chicago Transit Authority*, No. 17-CV-06908, 2020 WL 6545039, at *2 (N.D. Ill. Nov. 6, 2020), is distinguishable for this same reason. There, the plaintiff specifically alleged that she suffered from "progressive dystrophy of the retina of the left eye," which caused "episodes of vision impairment that impacted her ability to drive" a CTA bus. *Id.* at *2, *3. Davis, by contrast, provides no detail regarding his alleged vision impairment or its effects on his daily life.

---

[1] The district court in *Denson* cited the Seventh Circuit's holding that a court must "determine whether a condition constitutes an impairment, and the extent to which the impairment limits an individual's major life activities, without regard to the availability of mitigating measures such as medicines, or assistive or prosthetic devices." *Baert v. Euclid Beverage, Ltd.,* 149 F.3d 626, 629 (7th Cir. 1998). The Supreme Court abrogated that decision in *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999); Congress then overturned *Sutton* by amending the ADA. *See Verhoff v. Time Warner Cable, Inc.*, 299 F. App'x 488, 492 n.3 (6th Cir. 2008) (citing 42 U.S.C. § 12102(4)(E) (2009)). But the issue is not implicated in this case.

Additionally, the plaintiff in *Mack* did not argue that she was qualified to work as a bus driver with her vision impairment, but rather asserted that she was "qualified to work in any number of *other* positions that she should have been reassigned to." *Id.* at *3 (emphasis added). Davis does not make this argument. He claims that he suffered from a vision impairment serious enough to substantially limit his sight while at the same time asserting that he continued working immediately after his alleged eye injury in the same position as a warehouse associate—"where vision, a major life activity, directly affects his job"—for several months. (D.E. 33 at 4.)

This inconsistency severely undercuts the plausibility of Davis' allegation that he suffered from a physical impairment that substantially limits a major life activity, as discussed in Power Stop's initial memorandum. (D.E. 29-1 at 6); *see Junction Sols., LLC v. MBS Dev, Inc.*, No. 06 C 1632, 2007 WL 4234091, at *5 (N.D. Ill. Nov. 20, 2007) (dismissing claim containing "contradictory allegations"); *see also Hunte v. Safeguard Properties Mgmt., LLC*, 255 F. Supp. 3d 722, 726 (N.D. Ill. 2017) (citing *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000)). As such, he fails to plausibly allege that he suffers from a disability under the statute, and dismissal is appropriate.

**III.    Davis fails to allege the elements of his claim for failure to accommodate.**

Most of Davis' response to Power Stop's argument regarding this claim is simply paraphrasing allegations that appear in the complaint. (D.E. 33 at 5–6.) The only case he cites is a Seventh Circuit decision that affirmed a grant of summary judgment in favor of a defendant employer, as the plaintiff was not a "qualified individual" under the ADA. *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 965 (7th Cir. 2020). As discussed above, Davis is not a "qualified individual" either.

Davis does not respond to Power Stop's argument—or the cited caselaw supporting it—

4

that requesting workers' compensation does not qualify as a request for a reasonable accommodation under the ADA. Nor does Davis address Power Stop's argument that his alleged request for "light duty" (which in ordinary terms would only impose lifting or similar restrictions) does not make sense in the context of an eye injury. (*See* D.E. 29-1 at 7–9.)

Finally, Davis asserts that "discovery will reveal evidence supporting Plaintiff's failure to accommodate claims." (D.E. 33 at 7.) But "the Supreme Court has roundly rejected [the] contention that the pleading requirements are relaxed when a plaintiff has not yet had an opportunity to conduct discovery." *Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2010 WL 1655089, at *5 (N.D. Ill. Apr. 22, 2010). Davis' argument "runs counter to the holding of *Twombly,* which dictates that the complaint itself must contain sufficient factual detail to describe the parameters of the [claim] before discovery may commence." *Bissessur v. Ind. Univ. Bd. of Trustees,* 581 F.3d 599, 603 (7th Cir. 2009). Davis fails to meet the plausibility threshold required by federal pleading standards, and his claims must be dismissed as a result.

### IV.   Conclusion

For the reasons discussed above and in Power Stop's initial memorandum of law, the Court should grant the motion and dismiss Counts I and II.

Dated: May 15, 2024
                                          Respectfully Submitted,

                                          POWER STOP, LLC

                                                    */s/ Benjamin S. Morrell*
                                        By:    One of Its Attorneys

Heather A. Jackson (ARDC No. 6243164)
hjackson@taftlaw.com
Benjamin S. Morrell (ARDC No. 6341896)

5

bmorrell@taftlaw.com
Elizabeth C. Wellhausen (ARDC No. 6346609)
ewellhausen@taftlaw.com
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
Firm I.D. No. 29143

## CERTIFICATE OF SERVICE

      I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

      Date: May 15, 2024

                                                    */s/ Benjamin S. Morrell*
                                                    Counsel for Defendant