UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-07631 |
| | ) | |
| v. | ) | Judge: Coleman |
| | ) | |
| POWER STOP LLC, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff, Ken Davis ("Plaintiff"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 15(a)(2) hereby files this Second Amended Complaint against Power Stop LLC ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit also arises under the Illinois common law claim of retaliatory discharge for Plaintiff's engagement in protected activity under (820 ILCS 305/) Illinois Workers' Compensation Act ("IWCA").

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action

is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Count IV through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

7. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Ken Davis, resides in Cook County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Power Stop LLC is a corporation doing business in and for Cook County whose address is 6600 River Road, Hodgkins, IL 60525.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

13. Plaintiff began working for Defendant as a Warehouse Worker on or about October 18, 2022.

14. As a Warehouse Worker, Plaintiff was generally responsible for working with and operating machinery.

15. Plaintiff has a physical impairment that substantially limits one or more major life activities, including his vision, as defined under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12102(1).

16. Specifically, in or about April of 2023, Plaintiff was injured at work when he dropped a box of dust that contained silicon crystals, and these crystals entered his eye.

17. This injury has caused Plaintiff significant pain, ongoing medical complications, and a permanent vision impairment that substantially limits major life activities, including reading, driving, and performing certain job-related tasks that require visual precision.

18. Plaintiff's has a record of such impairment and still presently suffers from such impairment.

19. Despite this disability, Plaintiff was qualified and able to perform the essential functions of his job with reasonable accommodations.

20. As such, Plaintiff is a "qualified individual" as defined under the ADA.

21. In or about April of 2023, following the above eye injury that left Plaintiff permanently disabled, Plaintiff immediately notified his supervisors of his condition and requested

accommodations, including light duty and flexibility in his schedule to attend medical appointments for treatment.

22. This request for accommodations is protected activity under ADA.

23. Plaintiff's supervisors (non-disabled) discouraged Plaintiff from filing a worker's compensation claim.

24. Plaintiff's supervisors (non-disabled) failed to engage in the interactive process to determine the appropriate reasonable accommodations.

25. Defendant further downplayed the severity of his perceived disability, mocking him and telling him to just "flush it out with water".

26. Plaintiff's reasonable requests for an accommodation of light duty and request to file a workers compensation claim were ignored.

27. Due to not being accommodated and Plaintiff's supervisors (non-disabled) discouraging Plaintiff from filing a worker's compensation claim, Plaintiff decided to reach out to Human Resources and request accommodations by directly filing a workers' compensation claim.

28. At no point did Defendant accommodate Defendant's disability.

29. Following this protected activity, Plaintiff began experiencing a pattern of retaliatory behavior, including but not limited to, unwarranted disciplinary actions, hostile treatment, and targeted harassment.

30. Between April 2023 and June 2023, Plaintiff received approximately ten disciplinary write-ups for minor or fabricated infractions, which were inconsistent with how non-disabled employees were treated under similar circumstances.

31. For example, on at least one occasion, Plaintiff was falsely accused of stealing while attempting to clock out after experiencing technical issues with his work phone.

32. Plaintiff was in the break room attempting to fix this issue, when his supervisors entered.

33. The supervisors, Harkeem (LNU) and Ulysses (LNU), approached Plaintiff and immediately began accusing him of stealing.

34. Plaintiff attempted to explain that he was simply trying to clock out and planning to leave a note explaining what happened with the phone.

35. Despite this, Hakeem and Ulysses continued intimidating Plaintiff and eventually wrote him up for this incident.

36. On another occasion, a supervisor told Plaintiff that he did not complete one of his job duties for the day, which the employees refer to as "scanning".

37. Plaintiff did scan that day, and other coworkers saw him do so, yet the Supervisor wrote Plaintiff up, maintaining that he did not scan.

38. On or about May 22, 2023, Plaintiff had endured enough, and thus he engaged in protected activity by reporting the constant discrimination, harassment, and retaliation on written "Witness Forms" to HR.

39. On or about June 8, 2023, Plaintiff requested time off to attend a medically necessary appointment with an eye specialist.

40. Plaintiff provided advance notice of the appointment and submitted a doctor's note confirming the necessity of the visit.

41. Rather than accommodating Plaintiff's medical needs, Defendant retaliated against Plaintiff when they issued Plaintiff a disciplinary write-up for "insubordination," claiming that Plaintiff had been instructed to schedule medical appointments outside of work hours.

42. As Plaintiff was seeing a specialist who had incredibly limited availability, Plaintiff

5

could not reschedule his appointment to a time outside of his shift.

43. Defendant wrongfully attempted to interfere with, and deter Plaintiff from, seeking medically necessary care for his disability and again, failed to provide reasonable accommodations.

44. On June 9, 2023, just one day after this write up, Defendant terminated Plaintiff for "using a machine [Plaintiff] was not certified to use".

45. Plaintiff had been using this machine without problem during his entire employment with Defendant.

46. Thus the purported justification for Plaintiff's termination was pretextual.

47. Defendant's actions of retaliatory termination of Plaintiff's employment, were motivated by Plaintiff's engagement in protected activities under the ADA and the Illinois Workers' Compensation Act.

48. Defendant's treatment of Plaintiff deviated from its treatment of similarly situated non-disabled employees, who were not subjected to the same level of scrutiny or retaliation.

49. Plaintiff has suffered significant damages as a direct result of Defendant's unlawful conduct, including lost wages, emotional distress, and other consequential damages.

## COUNT I
### Violation of Americans with Disabilities Act
### (Retaliation)

50. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

51. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

52. During Plaintiff's employment with Defendant, Plaintiff reasonably requested accommodations, which Defendant wrongfully denied.

53. Plaintiff also filed a worker's compensation claim.

54. Additionally, Defendant complained of disability-based discrimination.

55. As such, Plaintiff engaged in protected conduct on numerous occasions and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

56. In response to Plaintiff's request, Defendant failed to accommodate Plaintiff's reasonable request for accommodations or conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability based discrimination.

57. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct suffered by Plaintiff.

58. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

59. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, termination on June 9, 2023.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Illinois Common Law
### (Retaliatory Discharge)

62. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

63. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and retaliated against Plaintiff for filing for worker's compensation benefits, under (820 ILCS

7

305/) Illinois Workers' Compensation Act.

64. As such, Plaintiff engaged in protected conduct by exercising his rights and was protected against unlawful retaliation by Defendant under the IWCA.

65. Plaintiff suffered an adverse employment action for attempting to exercise his rights and use workers' compensation coverage, specifically, termination.

66. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the injury, seeking medical care, and attempting to utilize workers' compensation coverage.

67. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation the IWCA.

68. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

  h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 23rd day of January, 2025.

             */s/ Chad W. Eisenback*
             **CHAD W. EISENBACK, ESQ.**
             IL Bar No.: 6340657
             **SULAIMAN LAW GROUP LTD.**
             2500 S. Highland Avenue, Suite 200
             Lombard, Illinois 60148
             Phone (331) 307 - 7632
             Fax (630) 575 - 8188
             ceisenback@sulaimanlaw.com
             *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23rd, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

             */s/Chad W. Eisenback, Esq.*
             Chad W. Eisenback, Esq.