UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEN DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>POWER STOP, LLC,<br><br>    Defendant. | Case No: 1:23-cv-07631<br><br>District Judge Coleman<br><br>Magistrate Judge Jantz |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Power Stop, LLC, by and through its undersigned counsel, provides its answer and defenses to Plaintiff's Second Amended Complaint as follows. (*See* D.E. 42.) Any allegations contained in the complaint not specifically admitted herein are expressly denied.

**NATURE OF PLAINTIFF'S CLAIMS**

    1.    This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

    **Answer:**    Defendant admits that Plaintiff asserts a claim of retaliation under the ADA. Defendant denies any remaining allegations of Paragraph 1.

    2.    This lawsuit also arises under the Illinois common law claim of retaliatory discharge for Plaintiff's engagement in protected activity under (820 ILCS 305/) Illinois Workers' Compensation Act ("IWCA").

    **Answer:**    Defendant admits that Plaintiff asserts a claim of retaliatory discharge under Illinois common law. Defendant denies any remaining allegations of Paragraph 1.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

**Answer:** Defendant admits that the Court has subject matter jurisdiction over this case.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**Answer:** Defendant admits that venue is proper in this district and division. Defendant denies any remaining allegations of Paragraph 4.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Count IV through 28 U.S.C. Sec. 1367.

**Answer:** Defendant admits that the Court has supplemental jurisdiction over Count II, Plaintiff's claim of retaliatory discharge under Illinois common law. Defendant denies any remaining allegations of Paragraph 5.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq, have occurred or been complied with.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6, and therefore denies them.

7. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

**Answer:** Defendant admits that Plaintiff filed a charge of discrimination with the EEOC. Defendant denies that Exhibit A to the Second Amended Complaint is a copy of that charge.

2

Exhibit A appears to be a copy of an EEOC charge filed by a person named Robert K. Davis against an employer called R&S Car Wash, Inc. Defendant denies any remaining allegations of Paragraph 7.

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**Answer:** Defendant admits that the EEOC issued to Plaintiff a notice of right to sue on August 15, 2023, and that Plaintiff filed this lawsuit on September 3, 2023. Defendant denies that Exhibit B to the Second Amended Complaint is a copy of that notice. Exhibit B appears to be a copy of notice of right to sue issued by the EEOC to a person named Robert K. Davis. Defendant denies any remaining allegations of Paragraph 8.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Ken Davis, resides in Cook County in the State of Illinois.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9, and therefore denies them.

10. At all times material to the allegations in this Complaint, Defendant, Power Stop LLC is a corporation doing business in and for Cook County whose address is 6600 River Road, Hodgkins, IL 60525.

**Answer:** Defendant admits that it is a limited liability company that does business in Cook County, and that it maintains a location at 6600 River Road in Hodgkins, Illinois. Defendant denies any remaining allegations of Paragraph 10.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

**Answer:** Defendant admits the allegations of Paragraph 11.

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**Answer:** Defendant admits the allegations of Paragraph 12.

## BACKGROUND FACTS

13. Plaintiff began working for Defendant as a Warehouse Worker on or about October 18, 2022.

**Answer:** Defendant admits that it hired Plaintiff as a full-time employee starting on October 28, 2022, in the position of Warehouse Associate. Defendant denies any remaining allegations of Paragraph 13.

14. As a Warehouse Worker, Plaintiff was generally responsible for working with and operating machinery.

**Answer:** Defendant denies the allegations of Paragraph 14.

15. Plaintiff has a physical impairment that substantially limits one or more major life activities, including his vision, as defined under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12102(1).

**Answer:** Defendant denies the allegations of Paragraph 15.

16. Specifically, in or about April of 2023, Plaintiff was injured at work when he dropped a box of dust that contained silicon crystals, and these crystals entered his eye.

**Answer:** Defendant denies the allegations of Paragraph 16.

17. This injury has caused Plaintiff significant pain, ongoing medical complications, and a permanent vision impairment that substantially limits major life activities, including reading, driving, and performing certain job-related tasks that require visual precision.

**Answer:** Defendant denies the allegations of Paragraph 17.

18. Plaintiff's has a record of such impairment and still presently suffers from such impairment.

**Answer:** Defendant denies the allegations of Paragraph 18.

19. Despite this disability, Plaintiff was qualified and able to perform the essential functions of his job with reasonable accommodations.

**Answer:** Defendant denies the allegations of Paragraph 19.

20. As such, Plaintiff is a "qualified individual" as defined under the ADA.

**Answer:** Defendant denies the allegations of Paragraph 20.

21. In or about April of 2023, following the above eye injury that left Plaintiff permanently disabled, Plaintiff immediately notified his supervisors of his condition and requested accommodations, including light duty and flexibility in his schedule to attend medical appointments for treatment.

**Answer:** Defendant denies the allegations of Paragraph 21.

22. This request for accommodations is protected activity under ADA.

**Answer:** Defendant denies the allegations of Paragraph 22.

23. Plaintiff's supervisors (non-disabled) discouraged Plaintiff from filing a worker's compensation claim.

**Answer:** Defendant denies the allegations of Paragraph 23.

24. Plaintiff's supervisors (non-disabled) failed to engage in the interactive process to determine the appropriate reasonable accommodations.

**Answer:** Defendant denies the allegations of Paragraph 24.

25. Defendant further downplayed the severity of his perceived disability, mocking him and telling him to just "flush it out with water".

**Answer:** Defendant denies the allegations of Paragraph 25.

26. Plaintiff's reasonable requests for an accommodation of light duty and request to file a workers compensation claim were ignored.

**Answer:** Defendant denies the allegations of Paragraph 26.

27. Due to not being accommodated and Plaintiff's supervisors (non-disabled) discouraging Plaintiff from filing a worker's compensation claim, Plaintiff decided to reach out to Human Resources and request accommodations by directly filing a workers' compensation claim.

**Answer:** Defendant admits that Plaintiff filed a claim for workers' compensation during his employment with Defendant. Defendant denies any remaining allegations of Paragraph 27.

28. At no point did Defendant accommodate Defendant's disability.

**Answer:** Defendant denies the allegations of Paragraph 28.

29. Following this protected activity, Plaintiff began experiencing a pattern of retaliatory behavior, including but not limited to, unwarranted disciplinary actions, hostile treatment, and targeted harassment.

**Answer:** Defendant denies the allegations of Paragraph 29.

30. Between April 2023 and June 2023, Plaintiff received approximately ten disciplinary write-ups for minor or fabricated infractions, which were inconsistent with how non-disabled employees were treated under similar circumstances.

**Answer:** Defendant denies the allegations of Paragraph 30.

31. For example, on at least one occasion, Plaintiff was falsely accused of stealing while attempting to clock out after experiencing technical issues with his work phone.

**Answer:** Defendant admits that Plaintiff received a write-up for failing to clock out after his shift on May 19, 2023. Defendant denies any remaining allegations of Paragraph 31.

32. Plaintiff was in the break room attempting to fix this issue, when his supervisors entered.

**Answer:** Defendant admits that Plaintiff received a write-up for failing to clock out

6

after his shift on May 19, 2023. Defendant denies any remaining allegations of Paragraph 32.

33. The supervisors, Harkeem (LNU) and Ulysses (LNU), approached Plaintiff and immediately began accusing him of stealing.

**Answer:** Defendant admits that Plaintiff received a write-up for failing to clock out after his shift on May 19, 2023. Defendant denies any remaining allegations of Paragraph 33.

34. Plaintiff attempted to explain that he was simply trying to clock out and planning to leave a note explaining what happened with the phone.

**Answer:** Defendant admits that Plaintiff received a write-up for failing to clock out after his shift on May 19, 2023. Defendant denies any remaining allegations of Paragraph 34.

35. Despite this, Hakeem and Ulysses continued intimidating Plaintiff and eventually wrote him up for this incident.

**Answer:** Defendant admits that Plaintiff received a write-up for failing to clock out after his shift on May 19, 2023. Defendant denies any remaining allegations of Paragraph 35.

36. On another occasion, a supervisor told Plaintiff that he did not complete one of his job duties for the day, which the employees refer to as "scanning".

**Answer:** Defendant admits that Plaintiff received a write-up for failing to clock out after his shift on May 19, 2023. Defendant denies any remaining allegations of Paragraph 36.

37. Plaintiff did scan that day, and other coworkers saw him do so, yet the Supervisor wrote Plaintiff up, maintaining that he did not scan.

**Answer:** Defendant denies the allegations of Paragraph 37.

38. On or about May 22, 2023, Plaintiff had endured enough, and thus he engaged in protected activity by reporting the constant discrimination, harassment, and retaliation on written "Witness Forms" to HR.

**Answer:** Defendants admits that Plaintiff submitted a "Witness Form" on May 22,

2023, and specifically denies that this constitutes protected activity under the ADA or Illinois common law. Defendant denies any remaining allegations of Paragraph 38.

39. On or about June 8, 2023, Plaintiff requested time off to attend a medically necessary appointment with an eye specialist.

**Answer:** Defendant denies the allegations of Paragraph 39.

40. Plaintiff provided advance notice of the appointment and submitted a doctor's note confirming the necessity of the visit.

**Answer:** Defendant denies the allegations of Paragraph 40.

41. Rather than accommodating Plaintiff's medical needs, Defendant retaliated against Plaintiff when they issued Plaintiff a disciplinary write-up for "insubordination," claiming that Plaintiff had been instructed to schedule medical appointments outside of work hours.

**Answer:** Defendant admits that Plaintiff received a write-up for missing his shift without providing any advanced notice to Defendant. Defendant denies any remaining allegations of Paragraph 41.

42. As Plaintiff was seeing a specialist who had incredibly limited availability, Plaintiff could not reschedule his appointment to a time outside of his shift.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42, and therefore denies them.

43. Defendant wrongfully attempted to interfere with, and deter Plaintiff from, seeking medically necessary care for his disability and again, failed to provide reasonable accommodations.

**Answer:** Defendant denies the allegations of Paragraph 43.

44. On June 9, 2023, just one day after this write up, Defendant terminated Plaintiff for "using a machine [Plaintiff] was not certified to use".

**Answer:** Defendant admits that it terminated Plaintiff's employment on June 10,

2023, one day after he violated Power Stop's safety policies by operating powered machinery that he was not trained, certified, or authorized to use. Defendant denies any remaining allegations of Paragraph 44.

45. Plaintiff had been using this machine without problem during his entire employment with Defendant.

**Answer:** Defendant denies the allegations of Paragraph 45.

46. Thus the purported justification for Plaintiff's termination was pretextual.

**Answer:** Defendant denies the allegations of Paragraph 46.

47. Defendant's actions of retaliatory termination of Plaintiff's employment, were motivated by Plaintiff's engagement in protected activities under the ADA and the Illinois Workers' Compensation Act.

**Answer:** Defendant denies the allegations of Paragraph 47.

48. Defendant's treatment of Plaintiff deviated from its treatment of similarly situated non-disabled employees, who were not subjected to the same level of scrutiny or retaliation.

**Answer:** Defendant denies the allegations of Paragraph 48.

49. Plaintiff has suffered significant damages as a direct result of Defendant's unlawful conduct, including lost wages, emotional distress, and other consequential damages.

**Answer:** Defendant denies the allegations of Paragraph 49.

## COUNT I
**Violation of Americans with Disabilities Act**
**(Retaliation)**

50. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein. 51. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, et seq.

**Answer:** Defendant restates its answers to the allegations set forth in each of the preceding paragraphs.

9

52. During Plaintiff's employment with Defendant, Plaintiff reasonably requested accommodations, which Defendant wrongfully denied.

**Answer:** Defendant denies the allegations of Paragraph 52.

53. Plaintiff also filed a worker's compensation claim.

**Answer:** Defendant admits that Plaintiff filed a claim for workers' compensation during his employment with Defendant. Defendant denies any remaining allegations of Paragraph 53.

54. Additionally, Defendant complained of disability-based discrimination.

**Answer:** Defendant denies the allegations of Paragraph 54.

55. As such, Plaintiff engaged in protected conduct on numerous occasions and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

**Answer:** Defendant denies the allegations of Paragraph 55.

56. In response to Plaintiff's request, Defendant failed to accommodate Plaintiff's reasonable request for accommodations or conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability based discrimination.

**Answer:** Defendant denies the allegations of Paragraph 56.

57. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct suffered by Plaintiff.

**Answer:** Defendant denies the allegations of Paragraph 57.

58. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

**Answer:** Defendant denies the allegations of Paragraph 58.

59. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, termination on June 9, 2023.

**Answer:** Defendant admits that it terminated Plaintiff's employment and that this constitutes an adverse employment action. Defendant denies any remaining allegations of Paragraph 59.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**Answer:** Defendant denies the allegations of Paragraph 60.

61. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**Answer:** Defendant denies the allegations of Paragraph 61.

## COUNT II
### Violation of Illinois Common Law
### (Retaliatory Discharge)

62. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

**Answer:** Defendant restates its answers to the allegations set forth in each of the preceding paragraphs.

63. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and retaliated against Plaintiff for filing for worker's compensation benefits, under (820 ILCS 305/) Illinois Workers' Compensation Act.

**Answer:** Defendant denies the allegations of Paragraph 63.

64. As such, Plaintiff engaged in protected conduct by exercising his rights and was protected against unlawful retaliation by Defendant under the IWCA.

**Answer:** Defendant admits that Plaintiff filed a claim for workers' compensation during his employment with Defendant. Defendant denies any remaining allegations of Paragraph 64.

65. Plaintiff suffered an adverse employment action for attempting to exercise his rights and use workers' compensation coverage, specifically, termination.

65. Plaintiff suffered an adverse employment action for attempting to exercise his rights and use workers' compensation coverage, specifically, termination.

**Answer:** Defendant admits that it terminated Plaintiff's employment and that this constitutes an adverse employment action. Defendant denies any remaining allegations of Paragraph 65.

66. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the injury, seeking medical care, and attempting to utilize workers' compensation coverage.

**Answer:** Defendant denies the allegations of Paragraph 66.

67. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation the IWCA.

**Answer:** Defendant denies the allegations of Paragraph 67.

68. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**Answer:** Defendant denies the allegations of Paragraph 68.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative defenses:

1. Plaintiff fails to state a claim against Defendant, in whole or in part, upon which relief can be granted.

2. To the extent Plaintiff seeks damages not recoverable under the ADA, Plaintiff is barred from such recovery.

3. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims, in whole or in part, are limited or barred by the doctrines of estoppel, waiver, laches, and/or unclean

hands.

4. Subject to reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are time-barred.

5. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are limited by the doctrine of after-acquired evidence.

6. Plaintiff has no right to any relief because Defendant would have made the same decisions or taken the same actions absent any allegedly unlawful motivation.

7. Defendant's purported actions were based on legitimate, non-retaliatory reasons, and job-related standards consistent with business necessity.

8. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims, in whole or in part, are limited or barred by Plaintiff's failure to mitigate his damages.

9. Plaintiff is not entitled to compensatory damages or attorney's fees because Defendant did not at any time engage in any unlawful, willful, reckless, or malicious conduct toward Plaintiff or with intent to injure Plaintiff or with knowledge or belief that injury was substantially certain to occur.

10. Plaintiff's claims, in whole or in part, are limited or barred because Defendant exercised reasonable care to prevent and correct promptly any alleged retaliatory behavior.

**Wherefore**, Defendant requests that judgment be entered in its favor and against Plaintiff, plus costs of this action and all other just and proper relief.

Dated: February 6, 2025　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　POWER STOP, LLC

　　　　　　　　　　　　　　　　　　　　*/s/ Elizabeth C. Wellhausen*

        Heather A. Jackson (ARDC No. 6243164)
        Benjamin S. Morrell (ARDC No. 6341896)
        Elizabeth C. Wellhausen (ARDC No. 6346609)
        TAFT STETTINIUS & HOLLISTER LLP
        111 E. Wacker Drive, Suite 2600
        Chicago, IL 60601
        (312) 527-4000
        hjackson@taftlaw.com
        bmorrell@taftlaw.com
        ewellhausen@taftlaw.com

        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: February 6, 2025

*/s/ Elizabeth C. Wellhausen*
Counsel for Defendant